UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          **Case No.**
MIRCEA ROSU,

              Plaintiff,          **COMPLAINT**

      v.

THE CITY OF NEW YORK, NEW YORK CITY
COMMISSION ON HUMAN RIGHTS,
PATRICIA L. GATLING in her individual capacity,
And CARLOS VELEZ, in his individual capacity.

                                      **PLAINTIFF DEMANDS**
                                      **A TRIAL BY JURY**

                    Defendants
-------------------------------------------------------------X

       Plaintiff MIRCEA ROSU by his attorney Ismail S. Sekendiz upon information and belief,

complains of Defendants as follows:

## INTRODUCTION

1.  Plaintiff brings this action under 42 U.S.C. § 1983 ("Section 1983"), asserting

    that the policies, practices and procedures used by the Defendants to assess and

    dismiss discrimination claims violate the Fourteenth Amendment's Due Process

    Clause.

## JURISDICTION

2.  The Court also has jurisdiction since the action this action involves questions of federal

    law. More specifically, this action involves a question of federal law.

3.  Venue is proper in this district based on the fact that acts and omissions giving rise to the

    claim occurred within the Southern District of New York. 28 U.S.C. §1391(b)

**PARTIES**

1. Plaintiff is a resident and citizen of the Country of Romania.

2. Plaintiff is Romanian.

3. Plaintiff is of the Christian Faith.

4. The defendant THE CITY OF NEW YORK is a municipal entity, which was created under the authority of the laws and Constitution of the State of New York.

5. The defendant NEW YORK CITY COMMISSION ON HUMAN RIGHTS is a legal entity and a subdivision of the CITY OF NEW YORK.

6. The defendant NEW YORK CITY COMMISSION ON HUMAN RIGHTS is an agency of Defendant CITY OF NEW YORK.

7. The defendant PATRICIA L. GATLING is an individual, who resides in the City and State of New York.

8. At all times material, the defendant PATRICIA L. GATLING is and was the Commissioner of the NEW YORK CITY COMMISSION ON HUMAN RIGHTS.

9. Defendant PATRICIA L. GATLING was the Commissioner of the NEW YORK CITY COMMISSION ON HUMAN RIGHTS at the time of Plaintiff's claims' dismissal by the NEW YORK CITY COMMISSION ON HUMAN RIGHTS.

10. Defendant CARLOS VELEZ was the Executive Director of Defendants who issued the "Determination and Order After Investigation" dismissing Plaintiff's complaint on August 13, 2008.

2

11. Defendant PATRICIA L. GATLING affirmed the Determination and Order After Investigation after Review on January 13, 2009.

12. At all times material, Defendant PATRICIA L. GATLING was a policy maker for the Defendants.

13. Defendants continued actions were part of an implemented policy and/or plan to discriminate against Plaintiff.

14. At all times material, Defendant PATRICIA L. GATLING was acting within her individual capacity.

15. Defendant PATRICIA L. GATLING's own individual actions violated Plaintiff's rights under the Constitution.

16. At all times material, Defendant CARLOS VELEZ was acting within his individual capacity.

17. Defendant CARLOS VELEZ' own individual actions violated Plaintiff's rights under the Constitution.


## **MATERIAL FACTS**

18. The Fourteenth Amendment of the United States Constitution states in relevant part that no state shall "deprive any person of life, liberty, or property, without due process of law."

19. On or around April 20, 2005, Plaintiff filed a Complaint with the Defendant New York City Commission of Human Rights charging his former employer, Mini-Circuits (known formally as Scientific Components Corporation) and Aron Raklyar charging them with

unlawful discriminatory practices in violation of Title 8 of the Administrative Code of the City of New York.

20. Plaintiff's complaint was initially assigned to Garfield Willis followed by Paul McCulloch of the New York City Commission of Human Rights.

21. Upon information and belief, neither Garfield Willis nor Paul McCulloch interviewed with any witnesses concerning the Plaintiff's national origin discrimination claims.

22. Upon information and belief, neither Garfield Willis nor Paul McCulloch requested any document production from the respondents Scientific.

23. Upon information and belief, in his letter dated May 24, 2007 addressed to the Plaintiff Paul McCulloch admitted that no witnesses were interviewed for the purposes of investigating the Plaintiff's claims.

24. In or around August of 2007, Plaintiff's case was assigned to Mr. Carlos Velez and Mark Wilson of the New York City Commission on Human Rights.

25. Plaintiff made numerous requests to the Defendants for a hearing to no avail.

26. Defendants did not conduct any depositions.

27. Defendants did not properly investigate the Plaintiff's claims.

28. On or about August 13, 2008, New York City Commission on Human Rights dismissed the Plaintiff's case. Plaintiff requested a review and the Commission affirmed the prior determination on January 13, 2009.

29. Upon information and belief, the defendant NEW YORK CITY COMMISSION ON HUMAN RIGHTS' procedure issuing a decision concerning a discrimination and/or harassment charge is as follows:

| INTAKE | An investigator or attorney conducts the interview and tries to intervene and resolve the issue before generating a complaint. |
|---|---|
| ⬇ | |
| COMPLAINT IS FILED | Office of Docketing files and serves the complaint; parties are invited to mediate. |
| ⬇ | |
| INVESTIGATION | Investigator or attorney interviews witnesses, reviews documents. |
| ⬇ | |
| DETERMINATION | Probable cause: assignment to an attorney for prosecution. No probable cause: case is dismissed; complainant may appeal to the Commission. |
| ⬇ | |
| THE HEARING PROCESS | Administrative law judge holds a pre-trial conference. If case does not settle, administrative law judge conducts a hearing and issues a Report and Recommendation. |
| ⬇ | |
| FINAL DECISION AND ORDER | The Commission issues a Final Decision and Order. If no liability found: case dismissed. If liability found: relief ordered. |

30. The defendants are able to deprive a claimant of a hearing if the case investigator does not

find probable cause concerning a claimant's allegations as indicated above.

31. Specifically, the Defendants' procedure is as follows: "After a complaint has been filed, a

neutral fact-finder, the investigator or attorney, will interview the parties and witnesses,

review the respondent's answer and supporting documentation, issue interrogatories and

document requests, and conduct field visits and tests where appropriate. At the conclusion of the investigation, the Commission makes a determination of "probable cause" or "no probable cause." **Where there is insufficient evidence to establish that discrimination occurred, the Commission will issue a "no probable cause" determination and the case will be dismissed.** If it receives a "probable cause" determination, it will be prosecuted." (emphasis added)

32.  Analysis of a procedural due process claim involves two steps: identifying an underlying property right and assessing what process is due to protect that right (*Logan v. Zimmerman Brush Co*., 455 U.S. 422, 428, 71 L. Ed. 2d 265, 102 S. Ct. 1148 (1982)). As cited by *Cooper v. Salazar*, 2001 U.S. Dist. LEXIS 17952, 1-34 (N.D. Ill. Nov. 1, 2001)

33. Plaintiff has a property interest in his discrimination claims ( Logan, 455 U.S. at 428-33; Lemon, 695 F. Supp. at 967 and *Cooper v. Salazar*, 2001 U.S. Dist. LEXIS 17952).

34. The Defendants' procedures fail to provide sufficient process to protect complainants' rights in their discrimination Charges.

35. Although the specific demands of due process vary depending on the importance of the interests and the nature of the proceedings involved (Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985)), complainants are certainly entitled to the core requirement of the opportunity to be heard "at a meaningful time and in a meaningful manner" ( Mathews v. Eldridge, 424 U.S. 319, 333, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976)). To determine precisely what is required in a particular context, a court engages in the familiar three-step balancing process set out in Mathews, id. at 335, under which the process due depends on (1) the private interest affected by the official action, (2) the risk of an erroneous deprivation under the

challenged governmental course of action and the probable value of providing additional procedural safeguards and (3) the government's interest, including the fiscal and administrative burdens of additional procedural safeguards (id.). In that balancing process the complainant's interest in a fair hearing for his or her discrimination claim is entitled to substantial weight (Logan, 455 U.S. at 434). So here the key factors in assessing the competing interests are whether additional procedures would reduce the chances of erroneous dismissals and whether providing additional procedures would be onerous for Department. See *Cooper v. Salazar*, 2001 U.S. Dist. LEXIS 17952).

36. The United States Supreme Court recognized that property interest in a discrimination claim is "substantial." (*Logan*, 455 U.S. at 434.)

37. As a result of the Defendants' failure to properly investigate Plaintiff's allegations, Plaintiff was deprived of his constitutional rights.

38. As a result of the Defendants' failure to have adequate procedures in place, Plaintiff was deprived of his constitutional rights.

39. Defendant wrongly deprived Plaintiff of his right to right to have a hearing.

40. As a result of the Defendants' failure to properly investigate Plaintiff's allegations, Plaintiff was deprived of his right to due process of law.

41. Due process basically requires that a person who is deprived of a recognized right must be given some sort of notice and an opportunity for a hearing on the government's action.

42. Due process basically requires that a person who is deprived of a recognized right must be given some sort of notice and an opportunity for a hearing on the government's action

43. The Defendants' credibility determinations in making substantial evidence determinations violates due process because they evaluate credibility without affording complainants an

opportunity to confront or cross examine witnesses or otherwise address credibility disputes.

44. While purely investigatory proceedings such as general fact-finding investigations do not require use of "the full panoply of judicial procedures" ( Hannah v. Larche, 363 U.S. 420, 441-42, 4 L. Ed. 2d 1307, 80 S. Ct. 1502 (1960)), due process may require cross-examination and confrontation of adverse witnesses in proceedings where important decisions turn on factual determinations ( Greene v. McElroy, 360 U.S. 474, 496-97, 3 L. Ed. 2d 1377, 79 S. Ct. 1400 (1959); Goldberg v. Kelly, 397 U.S. 254, 269-70, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970)). See *Cooper v. Salazar*, 2001 U.S. Dist. LEXIS 17952).

45. In this instance the Defendants' procedures call for the decision to dismiss a Charge or to allow it to go forward to turn on just such a factual determination: an investigator's evaluation of witness credibility.

46. Because employment discrimination cases are particularly likely to involve issues of credibility and intent ( Alexander v. Wisconsin Dep't of Health and Family Servs., 263 F.3d 673, 681 (7th Cir. 2001)), the due process protections of confrontation and cross-examination are particularly important to guard against the danger of investigators relying on false or colored testimony or documents or even on honest mistakes in recommending erroneous dismissals without adequate review ( Greene, 360 U.S. at 496-97; Goldberg, 397 U.S. at 269-70). As Justice Marshall put it in his plurality opinion in Brock v. Roadway Express, Inc., 481 U.S. 252, 266, 95 L. Ed. 2d 239, 107 S. Ct. 1740 (1987), dealing with hearings regarding the discharge of employee whistleblowers: Moreover, the primary function of the investigator is not to make credibility determinations....Final assessments of the credibility of supporting witnesses are appropriately reserved for the

administrative law judge, before whom an opportunity for complete cross-examination of opposing witnesses is provided. See *Cooper v. Salazar*, 2001 U.S. Dist. LEXIS 17952).

47. Because Defendants' dismissal of a complainant's discrimination Charge is a final disposition on the merits, permanently altering the complainant's legal rights to seek redress for the alleged violations (especially under the broader and more employee-protective City laws), Defendants' function is an adjudicatory one and the complainant is thus entitled to attendant procedural safeguards. See *Cooper v. Salazar*, 2001 U.S. Dist. LEXIS 17952).

48.  As Hannah, 363 U.S. at 442 has said: Thus, when governmental agencies adjudicate  or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process. See *Cooper v. Salazar*, 2001 U.S. Dist. LEXIS 17952)

49. At no time did Plaintiff ever have the right to confront and cross-examine witnesses.

50. Plaintiff and other Claimants are denied the right to access their investigative file until only after dismissal of the Charge.

51. Defendants' procedure denying complainants access to their investigative files until only after dismissal of the Charge violates due process.

52. Defendants should have provided Plaintiff and other complainants with access to all documents available the Executive Director who dismissed Plaintiff's Charge, including the investigators' notes of witness interviews.

53. Although there is no due process right to pretrial discovery as such ( Society of Lloyd's v. Ashenden, 233 F.3d 473, 480 (7th Cir. 2000); Silverman v. CFTC, 549 F.2d 28, 33 (7th

Cir. 1977)), that does not of itself end the constitutional inquiry ( Wardius v. Oregon, 412

U.S. 470, 474, 37 L. Ed. 2d 82, 93 S. Ct. 2208 (1973); United States v. Harbin, 250 F.3d

532, 540 (7th Cir. 2001)). Due process implicates fundamental fairness, a basic tenet of

which is "the opportunity to be heard at a meaningful time and in a meaningful manner" (

In re Hancock, 192 F.3d 1083, 1086 (7th Cir. 1999), citing Mathews, 424 U.S. at 333).

Without access to the information in their investigative files, complainants' opportunity to

respond prior to a decision further violates Plaintiff's due process.

54. Control over what information to include and in what level of detail lies exclusively with

the investigator/Executive Director. Because many witness interviews are conducted ex

parte and because no transcripts are made of any interviews, Plaintiff and other

complainants will have their cases decided in a vacuum without the complainant or

Plaintiff ever being afforded an opportunity to comment on the evidence which will

decide their case.


## BACKGROUND ON THE UNDERLYING ACTION

55. SCIENTIFIC COMPONENTS CORPORATION d/b/a MINI CURCUITS (hereinafter

referred to as "SCIENTIFIC") is a domestic corporation authorized to do business within

the State of New York.

56. Plaintiff worked for SCIENTIFIC from January of 2001 to November 12, 2004.

57. Plaintiff's responsibilities were including to create or revise all operational company

procedures, execute documentation projects such as preparing, assisting project requests,

documenting the equipment, fixtures and tools, preparing documentation for training,

training members, creating SCD, preparing documentation for mechanical switches department, preparing project review reports.

58. Scientific manufactures electronic components, which are used in various communication systems including medical equipment, avionics.

59. Beginning 2003 and continuing through November 2004, SCIENTIFIC subjected Plaintiff to discriminatory treatment including but not limited to using epithets in reference to petitioners national origin, excluding him from meetings, assigning him duties that were normally performed by less qualified employees encouraging employees to harass him and denying him promotion to management. Scientific did not treat similarly situated non-Romanian and non-Jewish employees in this manner.

60. The employees, who harassed petitioner and created a hostile work environment were from countries of former Soviet Union and Jewish background.

61. More specifically, Plaintiff was continuously and against his will called a "Romyn", which corresponds with the N…..word in English. The word "Romyn" is also equivalent of meaning of "Gypsy", or "Zhid" in Russian. Plaintiff was removed from projects and responsibilities and all his responsibilities were transferred to other Soviet Jew Employees. Plaintiff's manager Raklyar artificially created and maintained a state of tension and conflicts between the Plaintiff and his co-workers. Scientific hired many Russian-Jews, who had poor English skills instead of hiring non-Jewish engineers, who had good communication skills.

62. In the Fall of 2001, Plaintiff's manager respondent Aaron Raklyar told plaintiff the following :"Noroc si bani si moarte la jidani". The interpretation of this intolerable extremist statement is "Wishing you luck, fortune and money and death to the Jews"

meaning that petitioner needed luck, money, fortune, and death to the Jews to prevail over Jewish people.

63. In the fall of 2004, Plaintiff's manager Rakyar told the Plaintiff "The Jews are superior to Romanians. The Jews are better engineers, better scientists, and better in arts, culture, religion, and history than Romanians."

64. In the summer of 2004 Rakyar told the Plaintiff: "The Jews are smarter than Romanians in life and society. Romanians are stupid as they do know to make business and business as the Jews do. You look stupid."

65. On or about October 2004, Plaintiff was diagnosed as having a stroke and suffering from Parkinson's disease.

66. On or about November 12, 2004, petitioner gave Respondent a doctor's note indicating that petitioner had a stroke.

67. On or about the same day, November 12, 2004, Plaintiff was terminated from his position.

68. Scientific discriminated against the Plaintiff because of his national origin, religion and disability.

69. Plaintiff had previously brought an Article 78 proceeding based on the determination of the Defendants. However, due to a technical defect in the papers, the Article 78 Proceeding was discontinued.

70. On one hand, there is no constitutional violation (and no available § 1983 action) when there is an adequate state post deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) (citing *Zinermon v. Burch*, 494 U.S. at 132; *Parratt v. Taylor,* 451 U.S. 527, 541, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981); Hudson v.

Palmer, 468 U.S. at 531, 533. "This rule applies to those claims that are appropriate for an Article 78 proceeding and the allegations are that state agencies have engaged in random and unauthorized acts.

71. On the other hand and more appropriate here, "**The rule does not apply when plaintiffs allege that statutory and administrative procedures that were properly followed are themselves unconstitutional."** *Reyes v. Erickson*, 238 F. Supp. 2d 632, 635 (S.D.N.Y. 2003) (citing *John Gil Constr., Inc. v. Riverso*, 72 F. Supp.2d 242, 251 n.13 (S.D.N.Y. 1999). At an Article 78 proceeding, due process and equal protection claims can be decided. *Reyes*, 238 F. Supp. 2d at 636. *Ridgeview Partners, LLC v. Entwistle*, 354 F. Supp.2d 395 (S.D.N.Y. 2005)

72. In this action, the statutory and administrative procedures that were followed are themselves unconstitutional.

73. Additionally, Plaintiff previously brought a Breach of Contract claim against Scientific. However, this action was dismissed since in the litigation Scientific produced a document Plaintiff signed that prevented any contract claim unless the contract was in writing and signed by the President of Scientific.


**CAUSE OF ACTION**
**UNDER 42. U.S.C. § 1983**


74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. 42 U.S.C. § 1983, commonly referred to as "section 1983" provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to **the deprivation of any rights, privileges, or immunities secured by the Constitution and laws**, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress . . .

76. Each of the Defendants violated the Plaintiff's constitutional rights as set forth herein, including but not limited to Due Process.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Reversing the New York City Commission on Human Right's decisions dated August 13, 2010 and January 13, 2009;

B. Awarding Plaintiff damages for the discrimination and loss of employment which he has suffered as well as the punitive damages and attorneys fees to which he is entitled.

C. Alternatively affording Plaintiff an opportunity to have his case heard before a judge with the right to cross-examine and confront and present witnesses and examine the investigation file in it's entirety in preparing for his case.

D. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful practices.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, NY
        August 2, 2011

                                        By:_____/s/_____

                                        Ismail S. Sekendiz

                                        Attorneys for Plaintiff
                                        30 Broad Street, 35th Floor
                                        New York, NY 10004
                                        (212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIRCEA ROSU,                                                    |            Docket
                                                               |
                        Plaintiff,                             |
                                                               |
                                                               |
            v.                                                 | Plaintiff Demands a Jury Trial
                                                               |
                                                               |
THE CITY OF NEW YORK, NEW YORK CITY                            |
COMMISSION ON HUMAN RIGHTS,                                    |
PATRICIA L. GATLING in her individual capacity,               |
And CARLOS VELEZ, in his individual capacity.                 |
                                                               |
                        Defendants.                            |
------------------------------------------------------------------------X


-----------------------------------------------------------------

**COMPLAINT**

-----------------------------------------------------------------




**Ismail S. Sekendiz**
Attorneys for Plaintiff
30 Broad Street
35th Floor
New York, NY 10004
(212) 587-0760

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WENDY CARTER,                                    |      Docket # 11-Civ-4979
                                                 |
           Plaintiff,                |      **COMPLAINT**
                                                 |
                                                 |
       v.                         | Plaintiff Demands a Jury Trial
                                                 |
CENTURY PROTECTIVE SERVICES, INC. a/k/a          |
CENTURY PROTECTIVE SERVICES INC.,                |
CENTURY PROTECTIVE SERVICES INC. a/k/a           |
CENTURY PROTECTIVE SERVICES, INC.                |
and NELSON V. SORACCO,                           |
                                                 |
          Defendant               |
------------------------------------------------------------------------X

Plaintiff WENDY CARTER, by her attorney Ismail S. Sekendiz upon information and

belief, complains of defendants as follows:


### NATURE OF THE CASE


1.  Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law

    based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966),

    and 28 U.S.C. §1367, and under the laws of the City and State of New York, seeking

    declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered

    as a result of being harassed, discriminated against, discharged, and retaliated against by

    Plaintiff's former employer on the basis of gender, sex and retaliation.

2. Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and discharged by Plaintiff's former employer on the basis of gender, sex and retaliation.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4. Venue is proper in this district based upon the acts of discrimination, which occurred in New York County, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is a resident of the County of New York in the State of New York.

6. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a   CENTURY PROTECTIVE SERVICES INC., was and is a business entity conducting business within the State of New York.

7. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a   CENTURY PROTECTIVE SERVICES INC., was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

8. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a   CENTURY PROTECTIVE SERVICES INC., was and is a foreign business entity authorized to conduct business in the State of New York.

9. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a   CENTURY PROTECTIVE SERVICES INC., has offices at 100 Park Avenue, Suite: 1600 New York, New York 10017.

10. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY
PROTECTIVE SERVICES, INC. was and is a business entity conducting business within
the State of New York.

11. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY
PROTECTIVE SERVICES, INC. was and is a domestic corporation duly authorized and
existing under the laws of the State of New York.

12. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY
PROTECTIVE SERVICES, INC. was and is a foreign business entity authorized to conduct
business in the State of New York.

13. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY
PROTECTIVE SERVICES, INC. has offices at 100 Park Avenue, Suite: 1600 New
York, New York 10017.

14. Defendant  NELSON  V.  SORACCO,  is  the  owner  of  CENTURY  PROTECTIVE
SERVICES, INC.

15. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE
SERVICES, INC.

16. Defendant  NELSON  V.  SORACCO,  is  the  owner  of  CENTURY  PROTECTIVE
SERVICES INC.

17. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE
SERVICES INC.

18. Defendant  NELSON  V.  SORACCO  is  the  president  and  CEO  of  CENTURY
PROTECTIVE SERVICES, INC.

19. Defendant  NELSON  V.  SORACCO  is  the  president  and  CEO  of  CENTURY

PROTECTIVE SERVICES INC.

20. Adam McGuire was and still is an employee of the defendant.

21.  Adam McGuire was Plaintiff's supervisor.

22. Plaintiff is a woman.

## **MATERIAL FACTS**

23. On or about March 3, 2011, Plaintiff filed a charge with the Equal Employment Opportunities Commission. Shortly after, Plaintiff filed a second charge with the Equal Employment Opportunity Commission concerning her retaliation claim.

24. On or about June 14, 2011, plaintiff received a Notice of Right to Sue letter from the EEOC.

25. On or about July 5, 2011, Plaintiff received a second Notice of Right to sue letter from EEOC concerning his retaliation claim.

26. This action is being brought within 90 days of said Notice of Right to Sue letter.

27.  Plaintiff began working for Defendants on or about November 1, 2009.

28. All defendants jointly employed Plaintiff.

29. Plaintiff was hired by defendant as a Security Officer.

30. Plaintiff qualified for the position.

31. Upon information and belief, plaintiff's job performance was above average.

32. Plaintiff's rate of pay was $15.00 per hour plus overtime.

33. Plaintiff's annual pay was approximately $40,000.00 with the overtime.

34. In or around February of 2011 Adam McGuire became Plaintiff's supervisor.

35. Immediately after Adam McGuire became Plaintiff's supervisor, he cut Plaintiff's hours. More specifically, Plaintiff's hours were reduced from approximately 50 hours a week to 32 hours a week.

36. On February 27, 2011, Plaintiff approached her supervisor Adam McGuire and asked him the reason why her hours were being reduced from 50 hours a week to 32 hours a week and Adam McGuire said "*You are a female. You should not be here.*" Adam McGuire further told Plaintiff that Plaintiff was not doing her job fine and that he had been receiving complaints from the customers. When Plaintiff asked her supervisor about the alleged complaints, Adam McGuire did not respond but added "*You are a female. You just do not fit in here.*"

37. Immediately after Plaintiff's hours were reduced from 50 to 32 hours a week, Adam McGuire hired three full-time male employees by the names of Chris Merolla, Jashawn Fraser and Luis Sanchez.

38. On or about March 3, 2011 Plaintiff went to Division of Human Rights and filed a complaint alleging gender discrimination.

39. Approximately one week after Plaintiff filed the complaint with the division of Human Rights, Nelly Gil, a security guard, who was working for the Millennium Hilton Hotel, approached Plaintiff and told Plaintiff that Plaintiff should be very careful because the defendant received Plaintiff's complaint, which was filed with the Division of Human Rights. Nelly Gil further said "*I have heard Adam McGuire saying that he would treat you normal. He would put you under a microscope. He would watch you and get you fired.*"

40. On or about March 17, 2011, one week after Plaintiff had the above conversation with Nelly Gil, Plaintiff was terminated from her position. More specifically, Plaintiff was called into the office by Adam McGuire and was told by Keistern Gennarilli, Human

Resources personnel of the defendant, that she was being terminated immediately because of a missing key and that Plaintiff was late one time when she came to work.

41. Plaintiff went to Division of Human Rights and filed a second complaint based on retaliation since she was fired shortly after she complained to Division of Human Rights as Nelly Gil advised her.

42. On or about April 26, 2011 New York State Division of Human Rights dismissed Plaintiff's first complaint based on the grounds of "administrative convenience," allowing her pursue her claims in Federal Court.

43. On or about May 27, 2011 New York New York State Division of Human Rights dismissed the Plaintiff's second complained based on retaliation on the grounds of "administrative convenience" allowing her to pursue her complaint in Federal Court.

44. Defendant's reason terminating Plaintiff was pretext. Plaintiff was fired because of her gender and because she went to Division of Human Rights and filed a complaint concerning gender discrimination.

45. Keistern Gennarilli, would frequently tell Plaintiff that she was an exemplary employee. More specifically she would say "You do a good job. You are the only one, who does not complain about overtime. You always go to the other sites when needed."

46. On or about January 14, 2011 Keistern Gennarilli told Plaintiff that Adam McGuire was seeing to get rid of Plaintiff because Plaintiff is a woman.

47. During Plaintiff's employment with the Defendant and after Adam McGuire became Plaintiff's supervisor, Plaintiff was regularly exposed to a discriminatorily offensive and hostile work environment.

48. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

49. After Plaintiff protested to Defendants, Plaintiff became the subject of discriminatory retaliation by Defendant.

50. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

51. Defendants' discriminatory comments and actions created a hostile working environment, which no reasonable person would tolerate.

52. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

54. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

55. As Defendant's conduct has been willful, outrageous, malicious, Plaintiff also demands punitive damages against Defendants.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**


56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

58. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender and sex.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.


**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**


60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

62. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts
>
> forbidden under this article, or attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FOURTH  CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender,

disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, sex and retaliation.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

"For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff

because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in

the exercise or enjoyment of, or on account of his or her having aided or encouraged any

other person in the exercise or enjoyment of, any right granted or protected pursuant to

this section."

78. Defendants violated the above section as set forth herein.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE
## CODE

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

80. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee,

agent or independent contractor. Provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the above section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

   this complaint.

83. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that

   (a) It shall be an unlawful employment practice for an employer -

   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

   (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

84. Defendants CENTURY PROTECTIVE SERVICES, INC. a/k/a CENTURY PROTECTIVE SERVICES INC., and CENTURY PROTECTIVE SERVICES INC. a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2 by actually and constructively terminating Plaintiff, creating a hostile work environment, and otherwise discriminating against Plaintiff because of her sex and sexual harassment.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

   this complaint.

86. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

87. Defendants CENTURY PROTECTIVE SERVICES, INC. a/k/a CENTURY PROTECTIVE SERVICES INC., and CENTURY PROTECTIVE SERVICES INC. a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

## INJURY AND DAMAGES

88. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, back pay and front pay, emotional pain, suffering, inconvenience, weight gain, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

Plaintiff hereby demands a jury of all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that the Defendant engaged in unlawful employment practice prohibited by Title VII, state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, constructively discharged, and retaliated against Plaintiff on the basis of gender and sexual harassment and engaged in unlawful retaliation;

B.  Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages, past and future, and benefits resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:      New York, NY
            July 11, 2011.


                    By:_____/s/_____

                        Ismail S. Sekendiz (IS-0509)
                        Attorneys for Plaintiff
                        30 Broad Street 35th Floor
                        New York, NY 10004
                        Tel: (212) 587-0760 /(212) 380-8087

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WENDY CARTER,                                        |          Docket #11-Civ-4979
                                                     |
                    Plaintiff,                       |
                                                     |
                                                     |
        v.                                           | Plaintiff Demands a Jury Trial
                                                     |
                                                     |
CENTURY PROTECTIVE SERVICES, INC. a/k/a              |
CENTURY PROTECTIVE SERVICES INC.,                    |
CENTURY PROTECTIVE SERVICES INC. a/k/a               |
CENTURY PROTECTIVE SERVICES, INC.                    |
and NELSON V. SORACCO,                               |
                                                     |
                    Defendants.                      |
------------------------------------------------------------------------X

-----------------------------------------------------------------

**COMPLAINT**

-----------------------------------------------------------------

**Ismail S. Sekendiz**
Attorneys for Plaintiff
30 Broad Street
35th Floor
New York, NY 10004
(212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
WENDY CARTER,                                            |         Docket # 11-Civ-4979
                                                        |
                        Plaintiff,                      |         **COMPLAINT**
                                                        |
                                                        |
                v.                                      | Plaintiff Demands a Jury Trial
                                                        |
CENTURY PROTECTIVE SERVICES, INC. a/k/a                 |
CENTURY PROTECTIVE SERVICES INC.,                       |
CENTURY PROTECTIVE SERVICES INC. a/k/a                  |
CENTURY PROTECTIVE SERVICES, INC.                       |
and NELSON V. SORACCO,                                  |
                                                        |
                        Defendant                       |
--------------------------------------------------------------------------X

Plaintiff WENDY CARTER, by her attorney Ismail S. Sekendiz upon information and

belief, complains of defendants as follows:


## NATURE OF THE CASE


1.  Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law

    based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966),

    and 28 U.S.C. §1367, and under the laws of the City and State of New York, seeking

    declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered

    as a result of being harassed, discriminated against, discharged, and retaliated against by

    Plaintiff's former employer on the basis of gender, sex and retaliation.

2. Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and discharged by Plaintiff's former employer on the basis of gender, sex and retaliation.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4. Venue is proper in this district based upon the acts of discrimination, which occurred in New York County, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is a resident of the County of New York in the State of New York.

6. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a  CENTURY PROTECTIVE SERVICES INC., was and is a business entity conducting business within the State of New York.

7. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a   CENTURY PROTECTIVE SERVICES INC., was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

8. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a    CENTURY PROTECTIVE SERVICES INC., was and is a foreign business entity authorized to conduct business in the State of New York.

9. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a    CENTURY PROTECTIVE SERVICES INC., has offices at 100 Park Avenue, Suite: 1600 New York, New York 10017.

10. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a business entity conducting business within the State of New York.

11. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

12. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a foreign business entity authorized to conduct business in the State of New York.

13. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. has offices at 100 Park Avenue, Suite: 1600 New York, New York 10017.

14. Defendant NELSON V. SORACCO, is the owner of CENTURY PROTECTIVE SERVICES, INC.

15. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE SERVICES, INC.

16. Defendant NELSON V. SORACCO, is the owner of CENTURY PROTECTIVE SERVICES INC.

17. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE SERVICES INC.

18. Defendant NELSON V. SORACCO is the president and CEO of CENTURY PROTECTIVE SERVICES, INC.

19. Defendant NELSON V. SORACCO is the president and CEO of CENTURY

PROTECTIVE SERVICES INC.

20. Adam McGuire was and still is an employee of the defendant.

21.  Adam McGuire was Plaintiff's supervisor.

22. Plaintiff is a woman.

## **MATERIAL FACTS**

23. On or about March 3, 2011, Plaintiff filed a charge with the Equal Employment Opportunities Commission. Shortly after, Plaintiff filed a second charge with the Equal Employment Opportunity Commission concerning her retaliation claim.

24. On or about June 14, 2011, plaintiff received a Notice of Right to Sue letter from the EEOC.

25. On or about July 5, 2011, Plaintiff received a second Notice of Right to sue letter from EEOC concerning his retaliation claim.

26. This action is being brought within 90 days of said Notice of Right to Sue letter.

27.  Plaintiff began working for Defendants on or about November 1, 2009.

28. All defendants jointly employed Plaintiff.

29. Plaintiff was hired by defendant as a Security Officer.

30. Plaintiff qualified for the position.

31. Upon information and belief, plaintiff's job performance was above average.

32. Plaintiff's rate of pay was $15.00 per hour plus overtime.

33. Plaintiff's annual pay was approximately $40,000.00 with the overtime.

34. In or around February of 2011 Adam McGuire became Plaintiff's supervisor.

35. Immediately after Adam McGuire became Plaintiff's supervisor, he cut Plaintiff's hours. More specifically, Plaintiff's hours were reduced from approximately 50 hours a week to 32 hours a week.

36. On February 27, 2011, Plaintiff approached her supervisor Adam McGuire and asked him the reason why her hours were being reduced from 50 hours a week to 32 hours a week and Adam McGuire said "*You are a female. You should not be here.*" Adam McGuire further told Plaintiff that Plaintiff was not doing her job fine and that he had been receiving complaints from the customers. When Plaintiff asked her supervisor about the alleged complaints, Adam McGuire did not respond but added "*You are a female. You just do not fit in here.*"

37. Immediately after Plaintiff's hours were reduced from 50 to 32 hours a week, Adam McGuire hired three full-time male employees by the names of Chris Merolla, Jashawn Fraser and Luis Sanchez.

38. On or about March 3, 2011 Plaintiff went to Division of Human Rights and filed a complaint alleging gender discrimination.

39. Approximately one week after Plaintiff filed the complaint with the division of Human Rights, Nelly Gil, a security guard, who was working for the Millennium Hilton Hotel, approached Plaintiff and told Plaintiff that Plaintiff should be very careful because the defendant received Plaintiff's complaint, which was filed with the Division of Human Rights. Nelly Gil further said "*I have heard Adam McGuire saying that he would treat you normal. He would put you under a microscope. He would watch you and get you fired.*"

40. On or about March 17, 2011, one week after Plaintiff had the above conversation with Nelly Gil, Plaintiff was terminated from her position. More specifically, Plaintiff was called into the office by Adam McGuire and was told by Keistern Gennarilli, Human

Resources personnel of the defendant, that she was being terminated immediately because of a missing key and that Plaintiff was late one time when she came to work.

41. Plaintiff went to Division of Human Rights and filed a second complaint based on retaliation since she was fired shortly after she complained to Division of Human Rights as Nelly Gil advised her.

42. On or about April 26, 2011 New York State Division of Human Rights dismissed Plaintiff's first complaint based on the grounds of "administrative convenience," allowing her pursue her claims in Federal Court.

43. On or about May 27, 2011 New York New York State Division of Human Rights dismissed the Plaintiff's second complained based on retaliation on the grounds of "administrative convenience" allowing her to pursue her complaint in Federal Court.

44. Defendant's reason terminating Plaintiff was pretext. Plaintiff was fired because of her gender and because she went to Division of Human Rights and filed a complaint concerning gender discrimination.

45. Keistern Gennarilli, would frequently tell Plaintiff that she was an exemplary employee. More specifically she would say "You do a good job. You are the only one, who does not complain about overtime. You always go to the other sites when needed."

46. On or about January 14, 2011 Keistern Gennarilli told Plaintiff that Adam McGuire was seeing to get rid of Plaintiff because Plaintiff is a woman.

47. During Plaintiff's employment with the Defendant and after Adam McGuire became Plaintiff's supervisor, Plaintiff was regularly exposed to a discriminatorily offensive and hostile work environment.

48. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

49. After Plaintiff protested to Defendants, Plaintiff became the subject of discriminatory retaliation by Defendant.

50. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

51. Defendants' discriminatory comments and actions created a hostile working environment, which no reasonable person would tolerate.

52. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

54. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

55. As Defendant's conduct has been willful, outrageous, malicious, Plaintiff also demands punitive damages against Defendants.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

58. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender and sex.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

62. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts

forbidden under this article, or attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FOURTH  CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE
## CODE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender,

disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, sex and retaliation.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

"For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff

because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's

employer.


## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

74. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be

unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel; or coerce the doing of any of the
>
> acts forbidden under this chapter, or attempt to do so."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York

City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and

coercing the above discriminatory, unlawful and retaliatory conduct.


## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

77. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an

unlawful discriminatory practice for any person to coerce, intimidate, threaten or

interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in

the exercise or enjoyment of, or on account of his or her having aided or encouraged any

other person in the exercise or enjoyment of, any right granted or protected pursuant to

this section."

78. Defendants violated the above section as set forth herein.


## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE


79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

80. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee,

agent or independent contractor. Provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the above section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

83. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that

(a) It shall be an unlawful employment practice for an employer -

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

84. Defendants  CENTURY  PROTECTIVE  SERVICES,  INC.  a/k/a  CENTURY

PROTECTIVE  SERVICES  INC.,  and  CENTURY  PROTECTIVE  SERVICES  INC.

a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment

practices prohibited by 42 U.S.C. §2000e-2 by actually and constructively terminating

Plaintiff, creating a hostile work environment, and otherwise discriminating against

Plaintiff because of her sex and sexual harassment.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

86. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

87. Defendants CENTURY PROTECTIVE SERVICES, INC. a/k/a CENTURY PROTECTIVE SERVICES INC., and CENTURY PROTECTIVE SERVICES INC. a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

## INJURY AND DAMAGES

88. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, back pay and front pay, emotional pain, suffering, inconvenience, weight gain, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

Plaintiff hereby demands a jury of all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that the Defendant engaged in unlawful employment practice prohibited by Title VII, state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, constructively discharged, and retaliated against Plaintiff on the basis of gender and sexual harassment and engaged in unlawful retaliation;

B.  Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages, past and future, and benefits resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:      New York, NY
            July 11, 2011.


                    By:_____/s/_____

                            Ismail S. Sekendiz (IS-0509)
                            Attorneys for Plaintiff
                            30 Broad Street 35th Floor
                            New York, NY 10004
                            Tel: (212) 587-0760 /(212) 380-8087

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WENDY CARTER,                                       |            Docket #11-Civ-4979
                                                    |
                        Plaintiff,                  |
                                                    |
                                                    |
            v.                                      | Plaintiff Demands a Jury Trial
                                                    |
                                                    |
CENTURY PROTECTIVE SERVICES, INC. a/k/a             |
CENTURY PROTECTIVE SERVICES INC.,                   |
CENTURY PROTECTIVE SERVICES INC. a/k/a              |
CENTURY PROTECTIVE SERVICES, INC.                   |
and NELSON V. SORACCO,                              |
                                                    |
                        Defendants.                 |
------------------------------------------------------------------------X


----------------------------------------------------------------

**COMPLAINT**

----------------------------------------------------------------


**Ismail S. Sekendiz**
Attorneys for Plaintiff
30 Broad Street
35th Floor
New York, NY 10004
(212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WENDY CARTER,                               |        Docket # 11-Civ-4979
                                            |
                    Plaintiff,              |        **COMPLAINT**
                                            |
                                            |
            v.                              | Plaintiff Demands a Jury Trial
                                            |
CENTURY PROTECTIVE SERVICES, INC. a/k/a     |
CENTURY PROTECTIVE SERVICES INC.,           |
CENTURY PROTECTIVE SERVICES INC. a/k/a      |
CENTURY PROTECTIVE SERVICES, INC.           |
and NELSON V. SORACCO,                      |
                                            |
                    Defendant               |
------------------------------------------------------------------------X

Plaintiff WENDY CARTER, by her attorney Ismail S. Sekendiz upon information and

belief, complains of defendants as follows:


## NATURE OF THE CASE


1.  Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law

    based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966),

    and 28 U.S.C. §1367, and under the laws of the City and State of New York, seeking

    declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered

    as a result of being harassed, discriminated against, discharged, and retaliated against by

    Plaintiff's former employer on the basis of gender, sex and retaliation.

2. Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and discharged by Plaintiff's former employer on the basis of gender, sex and retaliation.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4. Venue is proper in this district based upon the acts of discrimination, which occurred in New York County, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is a resident of the County of New York in the State of New York.

6. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a   CENTURY PROTECTIVE SERVICES INC., was and is a business entity conducting business within the State of New York.

7. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a    CENTURY PROTECTIVE SERVICES INC., was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

8. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a    CENTURY PROTECTIVE SERVICES INC., was and is a foreign business entity authorized to conduct business in the State of New York.

9. Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a    CENTURY PROTECTIVE SERVICES INC., has offices at 100 Park Avenue, Suite: 1600 New York, New York 10017.

10. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a business entity conducting business within the State of New York.

11. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

12. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a foreign business entity authorized to conduct business in the State of New York.

13. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. has offices at 100 Park Avenue, Suite: 1600 New York, New York 10017.

14. Defendant NELSON V. SORACCO, is the owner of CENTURY PROTECTIVE SERVICES, INC.

15. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE SERVICES, INC.

16. Defendant NELSON V. SORACCO, is the owner of CENTURY PROTECTIVE SERVICES INC.

17. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE SERVICES INC.

18. Defendant NELSON V. SORACCO is the president and CEO of CENTURY PROTECTIVE SERVICES, INC.

19. Defendant NELSON V. SORACCO is the president and CEO of CENTURY

PROTECTIVE SERVICES INC.

20. Adam McGuire was and still is an employee of the defendant.

21.  Adam McGuire was Plaintiff's supervisor.

22. Plaintiff is a woman.

## **MATERIAL FACTS**

23. On or about March 3, 2011, Plaintiff filed a charge with the Equal Employment Opportunities Commission. Shortly after, Plaintiff filed a second charge with the Equal Employment Opportunity Commission concerning her retaliation claim.

24. On or about June 14, 2011, plaintiff received a Notice of Right to Sue letter from the EEOC.

25. On or about July 5, 2011, Plaintiff received a second Notice of Right to sue letter from EEOC concerning his retaliation claim.

26. This action is being brought within 90 days of said Notice of Right to Sue letter.

27.  Plaintiff began working for Defendants on or about November 1, 2009.

28. All defendants jointly employed Plaintiff.

29. Plaintiff was hired by defendant as a Security Officer.

30. Plaintiff qualified for the position.

31. Upon information and belief, plaintiff's job performance was above average.

32. Plaintiff's rate of pay was $15.00 per hour plus overtime.

33. Plaintiff's annual pay was approximately $40,000.00 with the overtime.

34. In or around February of 2011 Adam McGuire became Plaintiff's supervisor.

35. Immediately after Adam McGuire became Plaintiff's supervisor, he cut Plaintiff's hours. More specifically, Plaintiff's hours were reduced from approximately 50 hours a week to 32 hours a week.

36. On February 27, 2011, Plaintiff approached her supervisor Adam McGuire and asked him the reason why her hours were being reduced from 50 hours a week to 32 hours a week and Adam McGuire said "*You are a female. You should not be here.*" Adam McGuire further told Plaintiff that Plaintiff was not doing her job fine and that he had been receiving complaints from the customers. When Plaintiff asked her supervisor about the alleged complaints, Adam McGuire did not respond but added "*You are a female. You just do not fit in here.*"

37. Immediately after Plaintiff's hours were reduced from 50 to 32 hours a week, Adam McGuire hired three full-time male employees by the names of Chris Merolla, Jashawn Fraser and Luis Sanchez.

38. On or about March 3, 2011 Plaintiff went to Division of Human Rights and filed a complaint alleging gender discrimination.

39. Approximately one week after Plaintiff filed the complaint with the division of Human Rights, Nelly Gil, a security guard, who was working for the Millennium Hilton Hotel, approached Plaintiff and told Plaintiff that Plaintiff should be very careful because the defendant received Plaintiff's complaint, which was filed with the Division of Human Rights. Nelly Gil further said "*I have heard Adam McGuire saying that he would treat you normal. He would put you under a microscope. He would watch you and get you fired.*"

40. On or about March 17, 2011, one week after Plaintiff had the above conversation with Nelly Gil, Plaintiff was terminated from her position. More specifically, Plaintiff was called into the office by Adam McGuire and was told by Keistern Gennarilli, Human

Resources personnel of the defendant, that she was being terminated immediately because of a missing key and that Plaintiff was late one time when she came to work.

41. Plaintiff went to Division of Human Rights and filed a second complaint based on retaliation since she was fired shortly after she complained to Division of Human Rights as Nelly Gil advised her.

42. On or about April 26, 2011 New York State Division of Human Rights dismissed Plaintiff's first complaint based on the grounds of "administrative convenience," allowing her pursue her claims in Federal Court.

43. On or about May 27, 2011 New York New York State Division of Human Rights dismissed the Plaintiff's second complained based on retaliation on the grounds of "administrative convenience" allowing her to pursue her complaint in Federal Court.

44. Defendant's reason terminating Plaintiff was pretext. Plaintiff was fired because of her gender and because she went to Division of Human Rights and filed a complaint concerning gender discrimination.

45. Keistern Gennarilli, would frequently tell Plaintiff that she was an exemplary employee. More specifically she would say "You do a good job. You are the only one, who does not complain about overtime. You always go to the other sites when needed."

46. On or about January 14, 2011 Keistern Gennarilli told Plaintiff that Adam McGuire was seeing to get rid of Plaintiff because Plaintiff is a woman.

47. During Plaintiff's employment with the Defendant and after Adam McGuire became Plaintiff's supervisor, Plaintiff was regularly exposed to a discriminatorily offensive and hostile work environment.

48. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

49. After Plaintiff protested to Defendants, Plaintiff became the subject of discriminatory retaliation by Defendant.

50. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

51. Defendants' discriminatory comments and actions created a hostile working environment, which no reasonable person would tolerate.

52. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

54. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

55. As Defendant's conduct has been willful, outrageous, malicious, Plaintiff also demands punitive damages against Defendants.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

58. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender and sex.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

62. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts

forbidden under this article, or attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FOURTH  CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE
## CODE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender,

disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, sex and retaliation.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

"For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff

because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in

the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

78. Defendants violated the above section as set forth herein.


## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor. Provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the above section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

83. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that

(a) It shall be an unlawful employment practice for an employer -


(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

84. Defendants  CENTURY  PROTECTIVE  SERVICES,  INC.  a/k/a  CENTURY

PROTECTIVE  SERVICES  INC.,  and  CENTURY  PROTECTIVE  SERVICES  INC.

a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment

practices prohibited by 42 U.S.C. §2000e-2 by actually and constructively terminating

Plaintiff, creating a hostile work environment, and otherwise discriminating against

Plaintiff because of her sex and sexual harassment.


## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

86. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

87. Defendants CENTURY PROTECTIVE SERVICES, INC. a/k/a CENTURY PROTECTIVE SERVICES INC., and CENTURY PROTECTIVE SERVICES INC. a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

## INJURY AND DAMAGES

88. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, back pay and front pay, emotional pain, suffering, inconvenience, weight gain, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

Plaintiff hereby demands a jury of all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by Title VII, state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, constructively discharged, and retaliated against Plaintiff on the basis of gender and sexual harassment and engaged in unlawful retaliation;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages, past and future, and benefits resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:      New York, NY
            July 11, 2011.


                    By:_____/s/_____

                          Ismail S. Sekendiz (IS-0509)
                          Attorneys for Plaintiff
                          30 Broad Street 35th Floor
                          New York, NY 10004
                          Tel: (212) 587-0760 /(212) 380-8087

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WENDY CARTER,                               |          Docket #11-Civ-4979
                                            |
                    Plaintiff,              |
                                            |
                                            |
            v.                              | Plaintiff Demands a Jury Trial
                                            |
                                            |
CENTURY PROTECTIVE SERVICES, INC. a/k/a     |
CENTURY PROTECTIVE SERVICES INC.,           |
CENTURY PROTECTIVE SERVICES INC. a/k/a      |
CENTURY PROTECTIVE SERVICES, INC.           |
and NELSON V. SORACCO,                      |
                                            |
                    Defendants.             |
------------------------------------------------------------------------X



-------------------------------------------------------------

**COMPLAINT**

-------------------------------------------------------------




**Ismail S. Sekendiz**
Attorneys for Plaintiff
30 Broad Street
35th Floor
New York, NY 10004
(212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WENDY CARTER,                                        |         Docket # 11-Civ-4979
                                                    |
                    Plaintiff,                      |         **COMPLAINT**
                                                    |
                                                    |
            v.                                      | Plaintiff Demands a Jury Trial
                                                    |
CENTURY PROTECTIVE SERVICES, INC. a/k/a            |
CENTURY PROTECTIVE SERVICES INC.,                  |
CENTURY PROTECTIVE SERVICES INC. a/k/a             |
CENTURY PROTECTIVE SERVICES, INC.                  |
and NELSON V. SORACCO,                             |
                                                    |
                    Defendant                       |
-------------------------------------------------------------------------X

Plaintiff WENDY CARTER, by her attorney Ismail S. Sekendiz upon information and

belief, complains of defendants as follows:


**NATURE OF THE CASE**


1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law

    based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966),

    and 28 U.S.C. §1367, and under the laws of the City and State of New York, seeking

    declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered

    as a result of being harassed, discriminated against, discharged, and retaliated against by

    Plaintiff's former employer on the basis of gender, sex and retaliation.

2.  Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and discharged by Plaintiff's former employer on the basis of gender, sex and retaliation.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4.  Venue is proper in this district based upon the acts of discrimination, which occurred in New York County, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5.  Plaintiff is a resident of the County of New York in the State of New York.

6.  Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a  CENTURY PROTECTIVE SERVICES INC., was and is a business entity conducting business within the State of New York.

7.  Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a   CENTURY PROTECTIVE SERVICES INC., was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

8.  Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a    CENTURY PROTECTIVE SERVICES INC., was and is a foreign business entity authorized to conduct business in the State of New York.

9.  Defendant CENTURY PROTECTIVE SERVICES, INC. a/k/a    CENTURY PROTECTIVE SERVICES INC., has offices at 100 Park Avenue, Suite: 1600 New York, New York 10017.

10. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a business entity conducting business within the State of New York.

11. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

12. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. was and is a foreign business entity authorized to conduct business in the State of New York.

13. Defendant CENTURY PROTECTIVE SERVICES INC. a/k/a   CENTURY PROTECTIVE SERVICES, INC. has offices at 100 Park Avenue, Suite: 1600 New York, New York 10017.

14. Defendant NELSON V. SORACCO, is the owner of CENTURY PROTECTIVE SERVICES, INC.

15. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE SERVICES, INC.

16. Defendant NELSON V. SORACCO, is the owner of CENTURY PROTECTIVE SERVICES INC.

17. Defendant NELSON V. SORACCO, is the shareholder of CENTURY PROTECTIVE SERVICES INC.

18. Defendant NELSON V. SORACCO is the president and CEO of CENTURY PROTECTIVE SERVICES, INC.

19. Defendant NELSON V. SORACCO is the president and CEO of CENTURY

PROTECTIVE SERVICES INC.

20. Adam McGuire was and still is an employee of the defendant.

21.  Adam McGuire was Plaintiff's supervisor.

22. Plaintiff is a woman.

## **MATERIAL FACTS**

23. On or about March 3, 2011, Plaintiff filed a charge with the Equal Employment
    Opportunities Commission. Shortly after, Plaintiff filed a second charge with the Equal
    Employment Opportunity Commission concerning her retaliation claim.

24. On or about June 14, 2011, plaintiff received a Notice of Right to Sue letter from the
    EEOC.

25. On or about July 5, 2011, Plaintiff received a second Notice of Right to sue letter from
    EEOC concerning his retaliation claim.

26. This action is being brought within 90 days of said Notice of Right to Sue letter.

27.  Plaintiff began working for Defendants on or about November 1, 2009.

28. All defendants jointly employed Plaintiff.

29. Plaintiff was hired by defendant as a Security Officer.

30. Plaintiff qualified for the position.

31. Upon information and belief, plaintiff's job performance was above average.

32. Plaintiff's rate of pay was $15.00 per hour plus overtime.

33. Plaintiff's annual pay was approximately $40,000.00 with the overtime.

34. In or around February of 2011 Adam McGuire became Plaintiff's supervisor.

35. Immediately after Adam McGuire became Plaintiff's supervisor, he cut Plaintiff's hours. More specifically, Plaintiff's hours were reduced from approximately 50 hours a week to 32 hours a week.

36. On February 27, 2011, Plaintiff approached her supervisor Adam McGuire and asked him the reason why her hours were being reduced from 50 hours a week to 32 hours a week and Adam McGuire said "*You are a female. You should not be here.*" Adam McGuire further told Plaintiff that Plaintiff was not doing her job fine and that he had been receiving complaints from the customers. When Plaintiff asked her supervisor about the alleged complaints, Adam McGuire did not respond but added "*You are a female. You just do not fit in here.*"

37. Immediately after Plaintiff's hours were reduced from 50 to 32 hours a week, Adam McGuire hired three full-time male employees by the names of Chris Merolla, Jashawn Fraser and Luis Sanchez.

38. On or about March 3, 2011 Plaintiff went to Division of Human Rights and filed a complaint alleging gender discrimination.

39. Approximately one week after Plaintiff filed the complaint with the division of Human Rights, Nelly Gil, a security guard, who was working for the Millennium Hilton Hotel, approached Plaintiff and told Plaintiff that Plaintiff should be very careful because the defendant received Plaintiff's complaint, which was filed with the Division of Human Rights. Nelly Gil further said "*I have heard Adam McGuire saying that he would treat you normal. He would put you under a microscope. He would watch you and get you fired.*"

40. On or about March 17, 2011, one week after Plaintiff had the above conversation with Nelly Gil, Plaintiff was terminated from her position. More specifically, Plaintiff was called into the office by Adam McGuire and was told by Keistern Gennarilli, Human

Resources personnel of the defendant, that she was being terminated immediately because of a missing key and that Plaintiff was late one time when she came to work.

41. Plaintiff went to Division of Human Rights and filed a second complaint based on retaliation since she was fired shortly after she complained to Division of Human Rights as Nelly Gil advised her.

42. On or about April 26, 2011 New York State Division of Human Rights dismissed Plaintiff's first complaint based on the grounds of "administrative convenience," allowing her pursue her claims in Federal Court.

43. On or about May 27, 2011 New York New York State Division of Human Rights dismissed the Plaintiff's second complained based on retaliation on the grounds of "administrative convenience" allowing her to pursue her complaint in Federal Court.

44. Defendant's reason terminating Plaintiff was pretext. Plaintiff was fired because of her gender and because she went to Division of Human Rights and filed a complaint concerning gender discrimination.

45. Keistern Gennarilli, would frequently tell Plaintiff that she was an exemplary employee. More specifically she would say "You do a good job. You are the only one, who does not complain about overtime. You always go to the other sites when needed."

46. On or about January 14, 2011 Keistern Gennarilli told Plaintiff that Adam McGuire was seeing to get rid of Plaintiff because Plaintiff is a woman.

47. During Plaintiff's employment with the Defendant and after Adam McGuire became Plaintiff's supervisor, Plaintiff was regularly exposed to a discriminatorily offensive and hostile work environment.

48. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

49. After Plaintiff protested to Defendants, Plaintiff became the subject of discriminatory retaliation by Defendant.

50. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

51. Defendants' discriminatory comments and actions created a hostile working environment, which no reasonable person would tolerate.

52. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

54. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

55. As Defendant's conduct has been willful, outrageous, malicious, Plaintiff also demands punitive damages against Defendants.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

58. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender and sex.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

62. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.


## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts

forbidden under this article, or attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.


## AS A FOURTH  CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE
## CODE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender,

disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, sex and retaliation.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

> "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff

because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in

the exercise or enjoyment of, or on account of his or her having aided or encouraged any

other person in the exercise or enjoyment of, any right granted or protected pursuant to

this section."

78. Defendants violated the above section as set forth herein.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

80. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee,

agent or independent contractor. Provides

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
(1) the employee or agent exercised managerial or supervisory responsibility; or
(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the above section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

   this complaint.

83. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that

   (a) It shall be an unlawful employment practice for an employer -


   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate
against any individual with respect to his compensation, terms, conditions, or privileges of
employment, because of such individual's race, color, religion, sex, or national origin; or

   (2) to limit, segregate, or classify his employees or applicants for employment in any way
which would deprive or tend to deprive any individual of employment opportunities or
otherwise adversely affect his status as an employee, because of such individual's race, color,
religion, sex, or national origin.

84. Defendants   CENTURY   PROTECTIVE   SERVICES,   INC.   a/k/a   CENTURY

   PROTECTIVE SERVICES INC., and CENTURY PROTECTIVE SERVICES INC.

   a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment

   practices prohibited by 42 U.S.C. §2000e-2 by actually and constructively terminating

   Plaintiff, creating a hostile work environment, and otherwise discriminating against

   Plaintiff because of her sex and sexual harassment.


## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

   this complaint.

86. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides

that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has
> opposed any practice made an unlawful employment practice by this
> subchapter, or because [s]he has made a charge, testified, assisted or
> participated in any manner in an investigation, proceeding, or hearing under
> this subchapter."

87. Defendants CENTURY PROTECTIVE SERVICES, INC. a/k/a CENTURY

PROTECTIVE SERVICES INC., and CENTURY PROTECTIVE SERVICES INC.

a/k/a CENTURY PROTECTIVE SERVICES, INC. engaged in unlawful employment

practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with

respect to the terms, conditions or privileges of employment because of Plaintiff's

opposition to the unlawful employment practices of Defendants.


## INJURY AND DAMAGES

88. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will

continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other

compensation which such employment entails, out-of-pocket medical expenses and

Plaintiff has also suffered future pecuniary losses, back pay and front pay, emotional

pain, suffering, inconvenience, weight gain, injury to reputation, loss of enjoyment of

life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional

and physical distress.

Plaintiff hereby demands a jury of all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by Title VII, state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, constructively discharged, and retaliated against Plaintiff on the basis of gender and sexual harassment and engaged in unlawful retaliation;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages, past and future, and benefits resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:        New York, NY
              July 11, 2011.


                        By:_____/s/_____

                              Ismail S. Sekendiz (IS-0509)
                              Attorneys for Plaintiff
                              30 Broad Street 35th Floor
                              New York, NY 10004
                              Tel: (212) 587-0760 /(212) 380-8087

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WENDY CARTER,                                     |          Docket #11-Civ-4979
                                                  |
                    Plaintiff,                    |
                                                  |
                                                  |
            v.                                    | Plaintiff Demands a Jury Trial
                                                  |
                                                  |
CENTURY PROTECTIVE SERVICES, INC. a/k/a           |
CENTURY PROTECTIVE SERVICES INC.,                 |
CENTURY PROTECTIVE SERVICES INC. a/k/a            |
CENTURY PROTECTIVE SERVICES, INC.                 |
and NELSON V. SORACCO,                            |
                                                  |
                    Defendants.                   |
------------------------------------------------------------------------X




-----------------------------------------------------------------

**COMPLAINT**

-----------------------------------------------------------------




**Ismail S. Sekendiz**
Attorneys for Plaintiff
30 Broad Street
35th Floor
New York, NY 10004
(212) 587-0760

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X     Docket#: 09-cv-10760
EEOC,

                                          Plaintiff,

JONATAN AKSAL,

                                       Plaintiff-Intervener,

               -against-

MICHAEL CETTA, INC. d/b/a SPARKS STEAK HOUSE
and MICHAEL CETTA,

                                       Defendants,
--------------------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO EEOC

**TO CLAIMANTS AND THEIR ATTORNEYS OF RECORD:**

  REQUEST IS HEREBY MADE upon you, pursuant to the Federal Rules of Civil Procedure, respond under oath to the following Interrogatories within thirty days of service upon you.

## INSTRUCTIONS

      Please comply with the following instructions when responding to these interrogatories:

A.     In answering these Interrogatories, you are required to furnish under oath all information that is in your possession or available to you including information in the possession of your attorneys.

B.     Each Interrogatory shall be accorded a separate answer.

C.     Estimates or approximations should be given when, but only when, precise data cannot be supplied.

D.     The source, sources or derivation of each answer should be separately set forth and identified with a description sufficient for use in a subpoena duces tecum, unless the person signing the answers to the Interrogatories under oath knows of his or her personal and direct knowledge the facts or information forming the basis of all answers given.

E.      Every Interrogatory herein shall be deemed a continuing Interrogatory and Defendant is to supplement its answers promptly if and when Defendant obtains relevant information which adds to, or is in any way inconsistent with, Defendant's initial answer to any such Interrogatory. Defendant has an obligation to supplement or amend its responses if such responses are rendered incorrect or incomplete due to any reason, including but not limited to the passage of time, discovery or additional information, or change of intention.

F.      Whenever an Interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing or instance, the answer shall state at least:

> (1) the date, including year, month and day, when it occurred;
> (2) the place where it occurred;
> (3) the identify of each person participating therein;
> (4) on whose behalf each such person participated or purported to participate;
> (5) the nature, subject matter, and circumstances surrounding it;
> (6) the nature and substance of all conversations or oral communications occurring during, or in connection with it; and
> (7) shall identify all Documents Concerning it.

G.      Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

H.      If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you state an objection to an interrogatory on the ground that it is too broad, provide the information that you contend would be within the scope of permissible discovery. If you object to an interrogatory on the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, describe the reason for such objection or declination.

## **<ins>DEFINITIONS</ins>**

Where applicable, the following words or terms shall be deemed to mean the following:

1. The term "**you**" or "**your**" means the person(s) or business entity to whom these Interrogatories are addressed, including all other persons acting or purporting to act on behalf of same.

2. **"Defendant**," shall mean all Defendants, servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

3. **"Plaintiff**" shall mean Plaintiff in the herein action.

4. "**Employer"** shall mean the Defendants in this action.

5. "**Complaint"** shall mean the Complaint on file in this action.

6. **"Pay Period**" shall mean whatever seven day period (e.g. Sunday to Saturday) is or was used by the Employer for calculation of pay and/or overtime pay.  If the Employer does not or did not use such a seven day period and instead uses or used some other interval (e.g. calendar month) for calculation of pay, then "Pay Period" means such an interval.  Otherwise, "Pay Period" means the seven day period starting on Sunday at 12:01 A.M.  (**Note:  "Pay Period" does not necessarily correspond to the interval at which employees were actually paid by the Employer.**)

7. **"Identify**" shall mean:

(a) with respect to an individual, that you are to provide the name, current or last known address (business and home), current or last known telephone number (business and home), current or last known business position or title, and whether he or she is currently employed by Defendant; and

(b) with respect to a document, that you are to provide the date, addressee and/or recipient, sender and/or author thereof, and the type of writing (*e.g.*, letter, inter-office memo, etc.).

8. **"Describe"** means the following: Describe fully by reference to all relevant underlying facts rather than just ultimate facts or conclusions of law or facts.

9. **"State"** means to set forth fully and unambiguously each and every fact of which the answering party, or his agent or representative has knowledge and which is relevant to the answer called for by the interrogatory.

10. **"Communications**" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, or direct or indirect representation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any and all EEOC claimants, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener in a sexually suggestive manner. For each individual, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener Jonatan Aksal please state:
   a) When did the incidents occur?
   b) Where did the incidents occur?
   c) The sum and substance of what each EEOC claimant observed.

**INTERROGATORY NO. 2:**

Identify any and all EEOC claimants, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener in an inappropriate manner. For each individual, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener Jonatan Aksal please state:
   a) When did the incidents occur?
   b) Where did the incidents occur?
   c) The sum and substance of what each EEOC claimant observed.

**INTERROGATORY NO. 3:**

Identify any and all individuals other than the EEOC claimants, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener in a sexually suggestive manner. For each individual, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener Jonatan Aksal please state:
   a) When did the incidents occur?
   b) Where did the incidents occur?
   c) The sum and substance of what each EEOC claimant observed.

**INTERROGATORY NO. 4:**

Identify any and all individuals other than the EEOC claimants, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener in an inappropriate manner. For each individual, who saw ABDOU ELSHABEINY touching Plaintiff-Intervener Jonatan Aksal please state:
   a) When did the incidents occur?
   b) Where did the incidents occur?
   c) The sum and substance of what each EEOC claimant observed.

DATED: July 25, 2011
      New York, NY

                                        Attorneys for Plaintiff


                                        By: _____
                                        Ismail S. Sekendiz, Esq.
                                        30 Broad Street, 35th floor
                                        New York, NY 10004
                                        (212) 587-0760


cc: Duval & Stachenfeld LLP
101 Park Avenue
11th Floor
New York, NY 10178