Index No. 11 Civ. 5437 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRCEAU ROSU,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
COMMISSION ON HUMAN RIGHTS, PATRICIA L.
GATLING in her individual capacity, And CARLOS
VELEZ, in his individual capacity,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*New York City Commission on Human Rights,*
*Patricia Gatling, and Carlos Velez*
*100 Church Street, Rm. 20-85*
*New York, New York 10007*

*Of Counsel: Amy N. Okereke*
*Tel: (212) 788-9790*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS .................................................................................... 2

RULE 12(b)(6) STANDARD OF REVIEW ............................................................ 5

ARGUMENT....................................................................................................... 6

POINT I .................................................................................................... 6

PLAINTIFF'S DUE PROCESS CLAIM SHOULD
BE DISMISSED AS HE HAS failed to allege a
PROTECTED PROPERTY or LIBERTY Interest
AND PLAINTIFF HAD AN ADEQUATE POST-
DEPRIVATION REMEDY........................................................................ 6

POINT II ................................................................................................... 12

PLAINTIFF'S   §   1983   CLAIMS   AGAINST
COMMISSIONER  GATLING  AND  CARLOS
VELEZ  SHOULD  BE  DISMISSED  BECAUSE
PLAINTIFF  CANNOT  SHOW  THAT  THESE
DEFENDANTS      WERE      PERSONALLY
INVOLVED IN THE ALLEGED DEPRIVATION
OF HIS CONSTITUTIONAL RIGHTS .................................................... 12

POINT III.................................................................................................. 12

DEFENDANTS  GATLING  AND  VELEZ  ARE
ENTITLED TO IMMUNITY UNDER THE LAW ................................. 13

POINT IV.................................................................................................. 12

THE COMMISSION IS NOT A SUABLE ENTITY............................... 14

CONCLUSION................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

Alfaro Motors v. Ward, 814 F.2d 883, 886 (2d Cir. 1987)............................................................. 12

Al-Jundi v. Estate of Nelson Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989) ......................... 13

Anderson v. Creighton, 483 U.S. 635, 644, 646 (1987) ............................................................... 14

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)....................................................................... 5, 6

Baba v. Warren Mgmt. Consultants, Inc., 882 F. Supp. 339 (S.D.N.Y. 1995).............................. 8

Barry v. Barchi, 443 U.S. 55, 65, 61 L. Ed. 2d 365, 99 S. Ct. 2642 (1979) ............................... 10

Bass v. Jackson, 790 F.2d 260, 263 (2d Cir.1986) ....................................................................... 12

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) ........................................................ 5, 9

Bell v. Burson, 402 U.S. 535, 540, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971)................................. 10

Board of Regents v. Roth, 408 U.S. 564, 577; 92 S. Ct. 2701, 2709 (1972).............................. 6, 7

Cohen v. Brookwood Childcare Agency's Employees, 01 CV 162 (FB), 2001 U.S. Dist. LEXIS

    21303 (E.D.N.Y. December 14, 2001) ................................................................................... 14

Conopco, Inc. v. Roll Int'l., 231 F.3d 82, 86-87 (2d Cir. 2000)..................................................... 6

Conradt v. NBC Universal, Inc., 536 F. Supp. 2d 380, 392 (S.D.N.Y. 2008)............................... 6

Does v. Mills, 04 Civ. 2919 (RWS), 2005 U.S. Dist. LEXIS 6603 at *27 (S.D.N.Y. Apr. 18,

    2005) ..................................................................................................................................... 10

Doyle v. Coombe, 1998 U.S. App. LEXIS 20261 at *3 (2d Cir. June 12, 1998)......................... 12

East Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992)............ 15

Even St. Prods. v. Shkat Arrow Hafer & Weber, 643 F. Supp. 2d 317, 321 (S.D.N.Y. 2008) ...... 5

Francis-Sobel v. Univ. of Maine, 597 F.2d 15, 17.................................................................... 8, 9

Harhay v. Town of Ellington Bd. Of Educ., 323 F.3d 206, 212 (2d. Cir. 2003) ............................ 7

Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982).......................................................................... 14

Jannsen v. Condo, 101 F.3d 14, 16 (2d Cir. 1996) ................................................ 7

Jeter v. N.Y. City Dep't of Educ., 549 F. Supp. 2d 295, 304 (E.D.N.Y. 2008) ............................ 8

Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 728 (2d Cir. 2001).............. 8

Kremer v. Chemical Const. Corp., 456 U.S. 461, 485 (1982) ..................................... 10

Long v. District of Columbia, 3 F. Supp. 2d 1477 (D. D.C. 1998) ............................... 10

Marino v. Ameruso, 837 F.2d 45 (2d Cir. 1988) ................................................ 11, 12

Mathews v. Eldridge, 424 U.S. 319, 340, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976) ................ 10

McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977) ...................................... 12, 13

Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978) .............................. 12, 13

N.Y. State NOW v. Pataki, 261 F.3d 156, 163-165 (2d Cir. 2001)............................. 7, 8, 9

Hellenic American Nei'hd. Action Comm. v. City of New York, 101 F.3d 877 (2d Cir. 1996).. 11

O'Connor v. Pierson, 426 F.3d 187, 196 (2d. Cir. 2005) ....................................... 7

Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) ......................................... 12

Renelique v. Doe, 2002 U.S. Dist. LEXIS 26980, at *8-9 (S.D.N.Y. December 29, 2003) ........ 15

Sank v. City Univ. of N.Y., 112 Fed. Appx. 761, 763 (2d Cir. 2004)........................... 14

Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997)........................................... 12

Sidone v. Kelly, 254 Fed. Appx. 58, 59 (2d Cir. 2007)....................................... 11

Smith v. Local 819, IBT Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002)...................... 5

Town of Castle Rock v. Gonzales, 545 U.S. 748, 756; 125 S.Ct. 2796, 2803 (2005)................... 7

University of Tennessee v. Elliott, 478 U.S. 788, 795-99, 106 S. Ct. 3220, 92 L. Ed. 2d 635

    (1986)................................................................................ 8

White v. Martin, 26 F. Supp. 2d 385, 390 (D. Conn. 1998), aff'd, 1999 U.S. App. LEXIS 35319

    ..................................................................................... 14

<u>Williams v. Smith</u>, 781 F.2d 319, 323 (2d Cir. 1986) .................................................................. 12

<u>Wilson v . City of New York</u>, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)................................... 15

<u>Woolfolk v. Thomas</u>, 725 F. Supp. 1281, 1283 (1989) ........................................................ 14

<u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994)............................................................... 12

## **Statutes**

42 U.S.C. §2000e, *et seq*..................................................................................................... 8

Fed. R. Civ. P. 12(b)(6)...................................................................................................... 5, 6

N.Y.C. Charter § 396 ......................................................................................................... 15

N.Y.C. Charter § 902 ......................................................................................................... 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

MIRCEAU ROSU,

                                   Plaintiff,           11 Civ. 5437 (DAB)

                -against-

THE CITY OF NEW YORK, NEW YORK CITY
COMMISSION ON HUMAN RIGHTS, PATRICIA L.
GATLING in her individual capacity, And CARLOS
VELEZ, in his individual capacity,
                                  Defendants.

-------------------------------------------------------------------------x

## DEFENDANTS CITY OF NEW YORK, NEW YORK CITY COMMISSION ON HUMAN RIGHTS, PATRICIA GATLING, AND CARLOS VELEZ'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

### PRELIMINARY STATEMENT

       Plaintiff, by his attorney Ismail S. Sekendiz, Esq., brings the instant action pursuant to 42 U.S.C. § 1983 against defendants City of New York, New York City Commission on Human Rights (the "Commission" or "CCHR"), CCHR Commissioner Patricia Gatling and Executive Director Carlos Velez, alleging that defendants violated his right to due process pursuant to the Fourteenth Amendment, by failing to provide an adequate procedure to investigate and process his complaint to the Commission. Defendants submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff has failed to articulate facts which, even if true, plausibly constitute any violation of his due process rights attributable to the City of New York, through the Commission, or committed by the individual defendants; (2)

plaintiff has failed to allege, as he must, any personal involvement in any alleged deprivation of his constitutional rights by the individual defendants; (3) to the extent plaintiff has stated a Fourteenth Amendment due process claim, the individual defendants are protected by absolute immunity; and (4) the Commission is not a suable entity. Accordingly, plaintiff's claims should be dismissed in their entirety.

## STATEMENT OF FACTS

In the complaint, plaintiff Mirceau Rosu alleges a single cause of action pursuant to 42 U.S.C. § 1983, stemming from his assertion that defendants violated his Fourteenth Amendment due process rights by failing to provide an adequate procedure to investigate and process a complaint he filed with the Commission.

The complaint specifically alleges the following facts[1]:

**1. Alleged Discriminatory Conduct by Plaintiff's Employer Scientific Components Corporation**

Plaintiff is a Romanian citizen and a member of the Christian Faith. (Plaintiff's Complaint ("Complaint"), at ¶¶ 2-3)  Between the years 2001 and 2004, plaintiff was employed at Scientific Components Corporation d/b/a Mini Circuits ("Scientific"), a company that manufactures electronic components used in avionic, medical, and other communication systems. (Complaint, at ¶¶ 55-56, 58)  Plaintiff's work duties while at Scientific included creating and revising all operational company procedures, executing documentation projects, preparing documentation, and training members. (Complaint, at ¶ 57)

Sometime in 2003 and continuing through November 12, 2004, when his employment at Scientific was terminated, plaintiff was subjected to discriminatory treatment by

---

[1] A copy of Plaintiff's complaint is attached hereto.

certain Scientific employees. (Complaint, at ¶¶ 59, 67)  Plaintiff claims that Scientific employees harassed him, continuously referred to him using ethnic slurs, excluded him from meetings, assigned him duties that were normally performed by less qualified employees, denied him promotions to management positions, and otherwise fostered a hostile work environment. (Complaint, at ¶¶ 59, 61)  Plaintiff alleges that the primary motivation for the discriminatory behavior was his Romanian and Christian background, noting that "the employees, who harassed [him] and created a hostile work environment, were from countries of the former Soviet Union and Jewish background." (Complaint, at ¶¶ 59-64 (citing ¶60))

Plaintiff additionally highlights certain inappropriate comments made by Scientific manager Aron Raklyar.  According to plaintiff, Raklyar made an extremist statement to plaintiff implying that plaintiff would need luck, money, fortune, and "death to the Jews" in order for plaintiff to prevail over Jewish people, and told plaintiff that "the Jews are superior to Romanians […], better engineers, better scientists, and better in arts, culture, religion, and history […]." (Complaint, at ¶¶ 62-63)  Plaintiff furthermore alleges that, in the summer of June 2004, Raklyar told him, "The Jews are smarter than Romanians in life and society.  Romanians are stupid as they do know [*sic*] to make business and business as the Jews do.  You look stupid." (Complaint, at ¶ 65)

In October 2004 Plaintiff had a stroke and was diagnosed as suffering from Parkinson's disease. (Complaint, at ¶ 65)  On or about November 12, 2004, plaintiff was terminated from his employment at Scientific, after he provided Scientific with a doctor's note indicating that he had suffered a stroke. (Complaint, at ¶ 66)  Plaintiff alleges that his medical condition was also illegally used as a basis for his termination.

### 2.  Plaintiff's Complaint to the New York City Commission on Human Rights

On or about April 20, 2005, plaintiff filed a complaint with the Commission alleging that Scientific employees, including manager Aron Raklyar, unlawfully discriminated against him in violation of Title 8 of the Administrative Code of the City of New York. (Complaint, at ¶19)  Plaintiff's complaint was initially assigned to Commission employees Garfield Willis and Paul McCulloch.  Plaintiff alleges that, during the time his complaint was assigned to Willis and McCulloch, they did not conduct any witness interviews or request documents from Scientific. (Complaint, at ¶ 21-23)  Plaintiff's complaint was later transferred for handling to Commission employees Carlos Velez – a defendant herein – and Mark Wilson. According to plaintiff, Velez and Wilson also did not interview any witnesses concerning his claims, conducted no depositions, and failed to request any documents from Scientific. (Complaint, at ¶ 21-23)  Plaintiff claims that the Commission and its employees denied his requests for a hearing and failed to properly investigate his claims. (Complaint, at ¶27)  Plaintiff also alleges that he did not have the right to confront and cross-examine witnesses. (Complaint, at ¶49)

On August 13, 2008, the Commission dismissed plaintiff's complaint.  Plaintiff claims that he requested from the Commission a further review of his complaint and that, on January 13, 2009, the Commission affirmed its prior determination. (Complaint, at ¶28)

Plaintiff alleges that, at some point, he brought an Article 78 proceeding based on the Commission's dismissal of his complaint. (Complaint, at ¶69)  The Article 78 proceeding, however, was discontinued due to "a technical defect in the papers." (Complaint, at ¶69)

### 3. Plaintiff's Instant Action Pursuant to 42 U.S.C. § 1983

In the complaint, plaintiff alleges a single cause of action pursuant to 42 U.S.C. § 1983, stemming from his assertion that defendants' procedures in investigating and processing complaints alleging discrimination violate the Fourteenth Amendment's requirement of due process. Specifically, plaintiff alleges that the Commission's procedures allow for dismissal of a complaint on the basis of insufficient information, in the absence of a hearing and without allowing plaintiff to cross-examine witnesses or have access to the investigative file, and argues that these alleged procedures, "fail to provide sufficient process to protect complainants' rights in their [property interest to have their discrimination charges heard]." (Complaint, at ¶¶ 34, 38-40, 49, 50 (citing ¶34))

### RULE 12(B)(6) STANDARD OF REVIEW

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A court should dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) when the plaintiff fails to fulfill his obligation to plead a set of facts in support of the claim which would entitle him to relief. "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do […] Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted). Moreover, "pleading legal conclusions is not sufficient to prevent dismissal." Even St. Prods. v. Shkat Arrow Hafer & Weber, LLP, 643 F. Supp. 2d 317, 321 (S.D.N.Y. 2008) (citing Smith v. Local 819, IBT Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002)).

A plaintiff must plead sufficient factual allegations to "nudge his claim…across the line from conceivable to plausible." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Where

the factual allegations "do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – *but it has not shown* – that the pleader is entitled to relief." Id, at 1951-1952 (emphasis added).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id, at 1949.

Additionally, a motion under Fed. R. Civ. P. 12(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll Int'l., 231 F. 3d 82, 86-87 (2d Cir. 2000).

## ARGUMENT

### POINT I

**PLAINTIFF'S DUE PROCESS CLAIM SHOULD BE DISMISSED AS HE HAS FAILED TO ALLEGE A PROTECTED PROPERTY OR LIBERTY INTEREST AND PLAINTIFF HAD AN ADEQUATE POST-DEPRIVATION REMEDY**

Plaintiff has failed to plead facts sufficient to bring a § 1983 claim against defendants based on the violation of his due process rights under the Fourteenth Amendment. Namely, plaintiff has failed to identify a right to which he holds a protected property interest, or that he was deprived of such protected interest by defendants without due process.

A fundamental prerequisite to a due process claim is a legitimate property interest.  For a plaintiff to "sustain a Section 1983 claim based on a Fourteenth Amendment due process violation, [plaintiff] must show that (1) [he] possessed a liberty or property interest protected by law and (2) [he] was deprived of that interest without due process." Conradt v. NBC Universal, Inc., 536 F. Supp. 2d 380, 392 (S.D.N.Y. 2008).  As explained by the Supreme Court in Board of Regents v. Roth,

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more

than a unilateral expectation of it.   He must instead have a legitimate claim of entitlement to it. . . . .

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlements to those benefits.

408 U.S. 564, 577; 92 S. Ct. 2701, 2709 (1972); see also Town of Castle Rock v. Gonzales, 545 U.S. 748, 756; 125 S.Ct. 2796, 2803 (2005); Jannsen v. Condo, 101 F.3d 14, 16 (2d Cir. 1996).

Once plaintiff has established that he has a Fourteenth Amendment property interest, he must then establish that he was deprived of that interest without constitutionally adequate process.  O'Connor v. Pierson, 426 F.3d 187, 196 (2d. Cir. 2005) (citing Harhay v. Town of Ellington Bd. Of Educ., 323 F.3d 206, 212 (2d Cir. 2003)).  Here, plaintiff cannot meet this burden.

A.   **Plaintiff has No Property Interest in Having His Complaint Heard Exclusively Before the Commission and Where Other Forums Are (or Were) Available to Plaintiff to Pursue His Discrimination Cause of Action, Plaintiff Cannot Show a Deprivation of His Rights**

Here, plaintiff alleges that he has a property interest "in his discrimination claims." (Complaint, at ¶33)  While plaintiff may have a property interest in his discrimination claim, "the only property interest [...is in] the legal cause of action itself, independent of the various procedural options available for pursuing the action." N.Y. State NOW v. Pataki, 261 F.3d 156, 163-165 (2d Cir. 2001).

Notably, plaintiff does not argue that defendants' procedures prevented him from pursuing his discrimination claim in another forum.  "If New York [law] were to have flatly preclude[d] a claimant from pursuing his or her discrimination claim in all available forums and thereby extinguished the claim," due process conceivably could be implicated because the

CCHR would be the only forum within which plaintiff would be able to prosecute his discrimination claim. <u>N.Y. State NOW</u>, 261 F.3d at 165. Here, however, a federal court action was available to prosecute a claim for discrimination. Courts have held that where there has been no state court review of a Division on Human Rights decision, an employment discrimination action by an employee against his or her employer is not precluded. <u>See</u> <u>e.g.</u> <u>Jeter v. N.Y. City Dep't of Educ.</u>, 549 F. Supp. 2d 295, 304 (E.D.N.Y. 2008) ("[Plaintiff] did not seek review of [his Division on Human Rights] decision in state court, thus, those administrative decisions cannot preclude [plaintiff's] Title VII claims.")(citing <u>Kosakow v. New Rochelle Radiology Assocs.</u>, P.C., 274 F.3d 706, 728 (2d Cir. 2001); <u>University of Tennessee v. Elliott</u>, 478 U.S. 788, 795-99, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986)).

Though plaintiff makes an illusory reference to filing a proceeding to challenge the Commission's determination pursuant Article 78 of the New York Civil Practice Law and Rules, plaintiff states that his action was "discontinued" and does not allege that any finding was made by the state court. Therefore, plaintiff may have had (and the complaint does not allege that plaintiff did not have) the right to pursue an action against his employer, Scientific, for discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq*.

Where other forums remained available to plaintiff to prosecute his discrimination claim, plaintiff has not, and in fact cannot, demonstrate that he was deprived of any property interest in having his discrimination claims adjudicated. <u>See</u> <u>e.g.</u> <u>Baba v. Warren Mgmt. Consultants, Inc.</u>, 882 F. Supp. 339 (S.D.N.Y. 1995) (finding no cause of action against EEOC or State Division of Human Rights; remedy for an insufficient investigation by it is to bring suit in federal court directly against employer); <u>Francis-Sobel v. Univ. of Maine</u>, 597 F.2d 15, 17 ( 1st Cir. 1979) (despite alleged "assistance rendered to appellant by the EEOC [that] was worse than

useless," court could find no federally cognizable claim as the interests themselves had not been lost). Plaintiff still has (or had) a remedy to pursue employment discrimination and other claims against Scientific; plaintiff, however, failed to or has chosen not to pursue these rights, and therefore has not alleged the deprivation of a protected property right.

Though the remedies available to plaintiff before the Commission on Human Rights may be different than those available in, for example, a federal court, plaintiff has no independent right or property interest to these additional remedies or to have his case heard *exclusively* before the Commission. N.Y. State NOW, 261 F.3d at 164 ("the claimants' interest in the additional remedies afforded in the administrative process is not a property expectation as to which the Constitution mandates due process.") Accordingly, as plaintiff has no entitlement to pursue his discrimination claim exclusively before the Commission or to any discretionary remedy which the Commission could conceivably have provided him, no Fourteenth Amendment property rights are implicated by plaintiff's allegations.

**B.      Plaintiff Has Failed to Plead Facts Alleging a Constitutional Deprivation**

Even if plaintiff could state a cognizable property interest in having his claim heard exclusively before the Commission, plaintiff's procedural due process claim is still deficient because he fails to allege factual allegations sufficient "enough to raise a right to relief above the speculative level." Bell Atl. Corp., 127 S. Ct. at 1964-1965. Namely, plaintiff has failed to plead a set of facts which, even if true, plausibly suggest that he was deprived of due process.

The complaint, though unclear, appears to assert that the Commission's process of reviewing discrimination complaints is constitutionally inadequate in that it deprives complainants of the opportunity to have a hearing where they may confront witnesses and challenge the sufficiency of the information collected by the Commission and maintained in the

Commission's investigative file.  (See Complaint, at ¶¶30, 49-54).  Plaintiff, however, does not have an absolute right to a hearing prior to the Commission's issuance of a determination of no probable cause without a hearing. Kremer v. Chemical Const. Corp., 456 U.S. 461, 485 (1982) (in considering a procedural due process challenge, holding that "where the evidence submitted by the claimant fails, as a matter of law, to reveal any merit to the complaint" the New York State Human Rights Division may make a determination of no probable cause without holding a hearing."); see also Long v. District of Columbia, 3 F. Supp. 2d 1477 (D. D.C. 1998) (holding that due process is met where complainant has opportunity to present evidence and to have adverse rulings reviewed).

Furthermore, "in the context of administrative hearings, such as the ones at issue in this case, the Supreme Court has held that procedures less extensive than those normally utilized in a full adversarial hearing satisfy procedural due process requirements." Does v. Mills, 04 Civ. 2919 (RWS), 2005 U.S. Dist. LEXIS 6603 at *27 (S.D.N.Y. Apr. 18, 2005) (collecting cases – Mathews v. Eldridge, 424 U.S. 319, 340, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976) (holding that post-deprivation, non-adversarial hearing with right to representation satisfied due process in termination of Social Security disability benefits); Barry v. Barchi, 443 U.S. 55, 65, 61 L. Ed. 2d 365, 99 S. Ct. 2642 (1979) (stating that lack of formal hearing prior to suspension of a horse trainer's license did not violate due process where trainer was given "more than one opportunity to present his side of the story to the State's investigators"); Bell v. Burson, 402 U.S. 535, 540, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971) (stating that for revocation of driver's license, due process required only pre-revocation probable cause hearing as to licensee's fault which "need not take the form of a full adjudication of the question of liability").  Here, plaintiff alleges in the complaint that, prior to dismissal of a complaint for a finding of "no probable cause," the

Commission's procedures provide for, at a minimum: (1) a Commission investigator or attorney conducting an interview with the complainant; (2) the Commission's filing of a complaint after attempting to resolve the issues alleged in the complaint; (3) the Commission offering the complainant and respondent an opportunity to mediate; and (4) a Commission investigator or attorney interviewing witnesses and reviewing documents. (Complaint, at ¶29)  Plaintiff fails to allege facts demonstrating that the Commission's procedures were inadequate and/or that these procedures deprived plaintiff of his due process rights.   Plaintiff, furthermore, fails to demonstrate a deprivation of his constitutional rights to due process, given the availability of a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules which would have allowed plaintiff an opportunity "to submit affidavits and other written evidence, and where [if] a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims." Sidone v. Kelly, 254 Fed. Appx. 58, 59 (2d Cir. 2007) (summary order)(holding that because plaintiff was able to challenge his employment termination in an Article 78 proceeding, he could not state a due process claim) (internal citations omitted).   Therefore, plaintiff's claim is unfounded and must be dismissed.

**C.     To the Extent the Plaintiff Alleges that His Due Process Rights Were Violated Due to A Failure by the Commission to Follow its Procedures, An Adequate Post-Deprivation Remedy Existed for Plaintiff to Challenge the Commission's Determination**

Here, to the extent plaintiff is claiming that the Commission or its employees failed to follow their procedures, thereby denying him of due process, plaintiff had an adequate post-deprivation remedy in the form of an Article 78 proceeding.   The requirements of due process are satisfied by the availability of a post-deprivation remedy. Hellenic American Neighborhood Action Comm. v. City of New York, 101 F.3d 877 (2d Cir. 1996); Marino v. Ameruso, 837 F.2d 45 (2d Cir. 1988) (allegations that process was constitutionally defective

does not state a Due Process Clause claim because Article 78 State court proceeding is meaningful and adequate remedy).  Accordingly, plaintiff's claim must be dismissed.

## POINT II

**PLAINTIFF'S § 1983 CLAIMS AGAINST COMMISSIONER GATLING AND CARLOS VELEZ SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT SHOW THAT THESE DEFENDANTS WERE PERSONALLY INVOLVED IN THE ALLEGED DEPRIVATION OF HIS CONSTITUTIONAL RIGHTS**

Section 1983 imposes liability only upon a defendant who personally "subjects, or causes to be subjected" any person to the deprivation of any federal right.  Accordingly, a defendant's personal involvement in an alleged deprivation of a constitutional right is a prerequisite to a damages award under this statute.  See Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978)); Doyle v. Coombe, 1998 U.S. App. LEXIS 20261 at *3 (2d Cir. June 12, 1998); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997).  Where a complaint  does not allege personal involvement by defendants named in the caption, the complaint is "fatally defective on its face."  Alfaro Motors v. Ward, 814 F.2d 883, 886 (2d Cir. 1987); see also Bass v. Jackson, 790 F.2d 260, 263 (2d Cir.1986) (plaintiff must allege a "tangible connection between the acts of a defendant and the injuries suffered").  Absent any personal involvement, an individually named defendant cannot be held liable for alleged violations of a plaintiff's civil rights.  See Williams, 781 F.2d at 323-24; Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).

Furthermore, liability for damages in a § 1983 action cannot be based on *respondeat superior* or vicarious liability doctrines. See Monell v. Department of Social Servs.,

436 U.S. 658, 691 (1978); Al-Jundi v. Estate of Nelson Rockefeller, 885 F.2d 1060, 1065 (2d

Cir. 1989).  The mere fact that a defendant may have been in a "high position of authority is an

insufficient basis for the imposition of personal liability" under § 1983.  McKinnon, 568 F.2d at

934.

In this case, plaintiff names CCHR Commissioner Patricia Gatling, on the basis of

her title and position and because she affirmed the Commission's determination and finding of

no probable cause, and defendant Executive Director Velez on the basis that he issued the

Commission's determination after investigation, dismissing plaintiff's complaint, and due to

Velez's alleged failure to conduct a proper investigation into his complaint  Nowhere in the

complaint, however, does plaintiff allege *actual facts* stating that these defendants had any

personal involvement in the alleged deprivation of his Fourteenth Amendment procedural due

process rights—which plaintiff alleges were based solely on the Commission's unconstitutional

procedures.  Plaintiff, for instance, does not state specific facts alleging that defendants Gatling

or Velez were responsible for the creation of and/or mandated the alleged unconstitutional

procedures.  Accordingly, there is no basis for the imposition of personal liability under § 1983

against defendants Gatling and Velez, and plaintiff's claims against them should be dismissed

with prejudice.

### POINT III

### DEFENDANTS GATLING AND VELEZ ARE ENTITLED TO IMMUNITY UNDER THE LAW

To the extent plaintiff has alleged any cognizable claim based on defendants'

actions in investigating his claim to the Commission and the Commission's determination that

insufficient information existed to further pursue plaintiff's complaint, defendants are protected

by absolute immunity. See Sank v. City Univ. of N.Y., 112 Fed. Appx. 761, 763 (2d Cir. 2004) (affirming dismissal of claims against New York City Commission on Human Rights attorneys, and holding that "when [Commission attorneys] issued a decision in [plaintiff's] case, they were acting completely within their prosecutorial capacity" and therefore entitled to absolute immunity.)  Furthermore, "the decision *not* to investigate is 'sufficiently closely related' to the decision *not* to prosecute so as to qualify [the] decision for absolute immunity." Woolfolk v. Thomas, 725 F. Supp. 1281, 1283 (1989) (emphasis in original); see also, White v. Martin, 26 F. Supp. 2d 385, 390 (D. Conn. 1998), aff'd, 1999 U.S. App. LEXIS 35319 (summary order) (holding that state commission on human rights' finding of no reasonable cause and decision not to prosecute "are clearly quasi-judicial functions entitled to absolute immunity" from § 1983 claims); Cohen v. Brookwood Childcare Agency's Employees, 01 CV 162 (FB), 2001 U.S. Dist. LEXIS 21303 (E.D.N.Y. December 14, 2001) (state administrative law judge has absolute immunity against claims that she disregarded plaintiff's evidence and nodded in agreement with racially damaging statements at administrative hearing).[2]

## POINT IV

### THE COMMISSION IS NOT A SUABLE ENTITY

Under the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York

---

[2] Moreover, even if absolute immunity did not apply to the alleged actions of the CCHR individual defendants, they are, at the very least, entitled to qualified immunity from plaintiff's due process claims as the conduct plaintiff attributes to defendants Gatling and Velez does not constitute a violation of any clearly established constitutional right. See Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982); Anderson v. Creighton, 483 U.S. 635, 644, 646 (1987).

and not in that of any agency, except where otherwise provided by law." New York City Charter Ch. 17, § 396.  See Wilson v . City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992); East Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992) (Police Department of the City of New York is not suable under § 396); Renelique v. Doe, 2002 U.S. Dist. LEXIS 26980, at *8-9 (S.D.N.Y. December 29, 2003) (finding that an "overwhelming body of authority holds" that the New York City Department of Correction is not suable under § 396). Inasmuch as defendant City Commission on Human Rights is a City agency, see N.Y.C. Charter § 902 (charter provision creating the Commission), and it has not been authorized as a suable entity by law, the complaint fails to state a claim against it and, therefore, all claims against the Commission should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion to dismiss plaintiff's claims in their entirety, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:     New York, New York
           January 6, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, New
York City Commission on Human Rights, Patricia
Gatling, and Carlos Velez*
100 Church Street, Room 20-85
New York, New York 10007
(212) 788-9790

By:     _____

        Amy N. Okereke
        Assistant Corporation Counsel

To:    Ismail S. Sekendiz, Esq.  (via E.C.F. and first class mail)
       *Attorney for Plaintiff Mirceau Rosu*
       30 Broad Street, 35th Floor
       New York, New York 10004