Index No. 11 Civ. 5437 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRCEAU ROSU,

                                                  Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY COMMISSION ON HUMAN RIGHTS, PATRICIA L. GATLING in her individual capacity, And CARLOS VELEZ, in his individual capacity,

                                                  Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York,*
    *New York City Commission on Human Rights,*
    *Patricia Gatling, and Carlos Velez*
    *100 Church Street, Rm. 20-85*
    *New York, New York  10007*

    *Of Counsel:  Amy N. Okereke*
    *Tel:  (212) 788-9790*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

    POINT I .............................................................................................................................2

        PLAINTIFF'S DUE PROCESS CLAIM SHOULD BE DISMISSED AS HE HAS FAILED TO ALLEGE A VIOLATION OF A PROTECTED PROPERTY OR LIBERTY INTEREST......................................................2

    POINT II............................................................................................................................7

        PLAINTIFF'S RIGHT TO CHALLENGE THE COMMISSION'S DECISION THROUGH AN ARTICLE 78 PROCEEDING PROVIDED PLAINTIFF WITH SUFFICIENT OPPORTUNITY TO BE HEARD AND SATISFIES ANY RIGHT TO DUE PROCESS HERE .........................................................7

CONCLUSION .............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

Campo v. New York City Employee's Retirement System, 843 F.2d 96 (2d Cir. 1988) ................8

De Jesus v. City of New York, 10 Civ. 9400 (GBD), 2012 U.S. Dist. LEXIS 23090 (S.D.N.Y. Feb. 21, 2012) ................................................................................................................................9

Interboro Inst., Inc. v. Foley, 985 F.2d 90 (2d Cir. 1993) ................................................................8

Jackson v. New York State Div. of Human Rights, 42 A.D.2d 684 (N.Y. App. Div. 4th Dept 1973) ................................................................................................................................................5

Kremer v. Chem. Constr. Corp., 456 U.S. 461 (U.S. 1982) ............................................................5

Locurto v. Safir, 264 F.3d 154 (2d Cir. 2001) .................................................................................8

Mitchell v. National Broadcasting Co., 553 F.2d 265 (2d Cir. N.Y. 1977) .................................3, 4

Murphy v. Russell Sage College, 134 A.D.2d 716 (N.Y. App. Div. 3d Dep't 1987) ......................6

Oberlander v. Perales, 740 F.2d 116 (2d Cir. 1984) .......................................................................8

Parratt v. Taylor, 451 U.S. 527 (1981) ............................................................................................8

Reyes v. Erickson, 238 F. Supp. 2d 632 (S.D.N.Y. 2003) ...............................................................9

Sidone v. Kelly, 254 Fed. Appx. 58 (2d Cir. 2007) .........................................................................9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MIRCEAU ROSU,

                                                Plaintiff,        11 Civ. 5437 (DAB)

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY
COMMISSION ON HUMAN RIGHTS, PATRICIA L.
GATLING in her individual capacity, And CARLOS
VELEZ, in his individual capacity,
                                                Defendants.

------------------------------------------------------------------------x

                                     **DEFENDANTS CITY OF NEW YORK, NEW YORK CITY COMMISSION ON HUMAN RIGHTS, PATRICIA GATLING, AND CARLOS VELEZ'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## PRELIMINARY STATEMENT

        Defendants City of New York, New York City Commission on Human Rights (the "Commission" or "CCHR"), CCHR Commissioner Patricia Gatling and Executive Director Carlos Velez respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint, which alleges a single cause of action pursuant to 42 U.S.C. § 1983, stemming from plaintiff's assertion that defendants violated his Fourteenth Amendment due process rights by failing to provide an adequate procedure to investigate and process a complaint plaintiff filed with the Commission.

        In their Memorandum of Law dated January 6, 2012, ("Def. Memo in Support") defendants argued that they are entitled to judgment on the pleadings because: (1) plaintiff has

failed to articulate facts which, even if true, plausibly constitute any violation of his due process rights attributable to the City of New York, through the Commission, or committed by the individual defendants; (2) plaintiff has failed to allege, as he must, any personal involvement in any alleged deprivation of his constitutional rights by the individual defendants; (3) to the extent plaintiff has stated a Fourteenth Amendment due process claim, the individual defendants are protected by absolute immunity; and (4) the Commission is not a suable entity.

In his opposition, plaintiff fails to adequately set forth why this case should survive the instant motion. Notably, though generally citing the circumstances under which constitutional Eleventh Amendment immunity should apply, plaintiff fails to address in his opposition papers why defendants Gatling and Velez are not entitled to absolute or qualified immunity as set forth in Point III of defendants' moving memorandum of law. Plaintiff additionally does not rebut defendants' arguments at Point II of their moving papers that plaintiff has failed to plead facts in the complaint alleging personal involvement by defendants Velez and Gatling. Furthermore, although plaintiff makes generalized statements that the Commission is not an agency of the City of New York in opposition to defendants' arguments at Point IV—wherein defendants assert that the Commission is a non-suable entity—he offers no legal authority in support of this position.

Accordingly, for these reasons and the reasons stated in Defendants' Memo of Law and asserted herein, the Court should dismiss plaintiff's due process claim in its entirety.

### POINT I

### THE COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO ALLEGE A VIOLATION OF DUE PROCESS

Plaintiff spends a significant portion of his opposition supporting his position that he has a property interest in his human rights claim. Plaintiff though fails to recognize that even

if he has a property interest in his claims, the Court need not even determine this issue and must dismiss the complaint because plaintiff has failed to fulfill his obligation to plead a set of facts in support of his claim—that his right to due process in adjudicating his human rights law claim was violated by virtue of the CCHR's procedure of reviewing human rights complaints.

Here, plaintiff claims that prior to a finding of no probable cause he had the right to a hearing, where he could present evidence and cross-examine witnesses, and that by not providing such a hearing before dismissing his complaint, the Commission's procedures in evaluating human rights complaints violates due process  Plaintiff, however, has no such right to a hearing.

### I. The Second Circuit Court of Appeals has Held that Dismissal of a Human Rights Complaint on Grounds of "No Probable Cause"—and in the Absence of a Hearing—Does Not Violate Due Process

The Second Circuit Court of Appeals has upheld the sufficiency of the review procedures of the New York State Division of Human Rights ("SDHR") which allowed for a dismissal of a complaint—without first conducting a hearing—on the grounds that there was "no probable cause" to support a finding of a violation of human rights law.

In Mitchell v. National Broadcasting Co., the appellant argued, *inter alia*, that *res judicata* should not apply to the SDHR's determination in a subsequent action filed relating to her discrimination claims, because the SDHR's procedures did not allow her a "full opportunity to litigate her claim." 553 F.2d 265, 267 (2d Cir. N.Y. 1977). In support of this argument, the appellant cited the SDHR's lack of "sworn testimony at agency conferences, the failure to subpoena witnesses, the absence of cross-examination, and the fact that appellant was not represented by counsel during the agency proceedings." Id.

In determining whether *res judicata* applied to the SDHR's dismissal on grounds of "no probable cause," the court first found it necessary to assess whether the SDHR's procedures allowed the plaintiff a full and fair opportunity to litigate her claims. In finding that plaintiff *did* have an opportunity to fully litigate her claims through the SDHR's procedures and that *res judicata* applied to the SDHR's dismissal, the court held that "the [SDHR'S] preliminary review for purpose of determining probable cause, despite its investigatory and conciliatory aspects, is an adjudicatory process comparable to the treatment given under the Federal Rules of Civil Procedure for a motion for summary judgment or to dismiss for failure of state a claim upon which relief can be granted." Mitchell, 553 F.2d 265 at 270.

"The adjudication of no probable cause in this case represents a finding that, assuming the allegations of the complaint to be true, nonetheless as a matter of law the discharge of appellant did not amount to a discriminatory act. Had the complaint initially been filed in federal court and subjected to a motion for summary judgment under the Federal Rules of Civil Procedure, the legal standard applied would have been identical. *We are satisfied that the procedural standards for determining the legal sufficiency of the complaint are fair.*" 553 F.2d 265 at 271 (emphasis added). The court further stated that "the proverbial 'right to a day in court' does not mean the actual presentation of the case in the context of a formal, evidentiary hearing, but rather 'the right to be duly cited to appear and be afforded an opportunity to be heard.'" Id at 271.

In Mitchell, the appellant alleged that the SDHR's procedures included an investigation by the SDHR, an attempt to resolve the matter with parties through a settlement, and two conferences where the appellant, her former employer, and SDHR officials engaged in "informal discussions" and submitted documents. The court found these procedures, which are

almost identical to the CCHR's procedures plaintiff has alleged herein, to be legally and procedurally sufficient to afford the appellant an opportunity to be heard. Id at 267-272.

Similarly the Supreme Court in Kremer v. Chem. Constr. Corp., in considering the preclusive effect of determinations of the SDHR, upheld SDHR's procedures—and that a finding of "no probable cause" could be found solely on the basis of the SDHR's investigation and in the absence of a hearing—noting that

> No single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." […] Under New York law, a claim of employment discrimination requires the [New York Human Rights Division ("NYHRD")] to investigate whether there is "probable cause" to believe that the complaint is true. Before this determination of probable cause is made, the claimant is entitled to a "full opportunity to present on the record, though informally, his charges against his employer or other respondent, including the right to submit all exhibits which he wishes to present and testimony of witnesses in addition to his own testimony. The complainant also is entitled to an opportunity "to rebut evidence submitted by or obtained from the respondent." […]
>
> *We have no hesitation in concluding that this panoply of procedures, complemented by administrative as well as judicial review, is sufficient under the Due Process Clause.* Only where the evidence submitted by the claimant fails, as a matter of law, to reveal any merit to the complaint may the NYHRD make a determination of no probable cause without holding a hearing. And before that determination may be reached, New York requires the NYHRD to make a full investigation, wherein the complainant has full opportunity to present his evidence, under oath if he so requests.

456 U.S. 461, 483-485 (U.S. 1982) (internal citations omitted)(emphasis added).

New York State Courts have additionally repeatedly held that there is no violation of due process simply due to a human rights' agency's finding of "no probable cause" without first conducting a hearing. In Jackson v. New York State Div. of Human Rights, 42 A.D.2d 684 (N.Y. App. Div. 4th Dep't 1973), where the petitioner alleged that "she was denied due process of law by failure of the Division to grant her a formal hearing with opportunity to present witnesses and to cross-examine witnesses," the court held that the SDHR's finding of no

probable cause on the basis of its investigation and without a hearing was not a violation of due process. See also Murphy v. Russell Sage College, 134 A.D.2d 716, 717 (N.Y. App. Div. 3d Dep't 1987) ("In support of his claim of inadequacy in the investigation, petitioner points to the absence of both a confrontation conference and a hearing. However, since the record reveals that petitioner was given a full and fair opportunity to present evidence on his behalf and to rebut the evidence presented by the employer, we find no abuse of discretion in the Division's selection of the method to be used in investigating petitioner's complaint.")

Here, plaintiff's claim that his due process rights were violated *solely* on the grounds that he did not receive an evidentiary hearing must fail, for the reasons noted in Mitchell, Kremer, and numerous New York State Court decisions holding that no such absolute right exists. Plaintiff's argument that his due process rights were violated due to the Commission not providing him a copy of its case file is equally without merit. Plaintiff does not contend that he did not have a right to contest his employer's evidence submitted in opposition to his complaint—only that he did not see the Commission's "investigatory file"—which presumably contained the Commission's work product and internal notes. That plaintiff *wants* a copy of the Commission's investigatory file and internal documents does not implicate whether due process *requires* that he receive such documents.

Due process affords plaintiff a right to be heard—which courts have interpreted to include the opportunity to provide written evidence, a complaint, papers, etc. for consideration and investigation by the Division. Plaintiff does not dispute that the Commission's procedures allow for such actions.[1] In fact, plaintiff alleges that the Commissions procedures provide that,

---

[1] Plaintiff purports to state a claim solely on the basis of his alleged denial of due process resulting from the Commission's inadequate procedures. To the extent, however, the complaint can be construed to allege a due process claim on the grounds that the Commission or its

prior to dismissal of a complaint for a finding of "no probable cause," at a minimum: (1) a Commission investigator or attorney conducts an interview with the complainant; (2) the Commission files a complaint after attempting to resolve the issues alleged in the complaint; (3) the Commission offers the complainant and respondent an opportunity to mediate; and (4) a Commission investigator or attorney interviews witnesses and reviews documents. (Plaintiff's ("Plft.") Complaint, at ¶29)

In light of the applicable case law and legal standards, plaintiff has failed as a matter of law to state a claim that he was denied due process of law. That plaintiff *wanted* more process is not a sufficient basis to establish a claim that the Commission's procedures violate due process. Accordingly—on these grounds alone—the complaint must be dismissed.

## POINT II

**PLAINTIFF'S RIGHT TO CHALLENGE THE COMMISSION'S DECISION THROUGH AN ARTICLE 78 PROCEEDING PROVIDED PLAINTIFF WITH SUFFICIENT OPPORTUNITY TO BE HEARD AND SATISFIES ANY RIGHT TO DUE PROCESS HERE**

In evaluating procedural due process claims, unlike as plaintiff has argued (Plaintiff's Memo of Law in Opposition at p. 16-18), courts have held that the ability to challenge an agency's determination pursuant to Article 78 of the New York Civil Practice Law and Rules satisfies due process – in cases where an agency's predetermined procedures (rather than random unauthorized acts) were challenged and alleged to have been unconstitutional.

---

representatives committed a random and unauthorized act by not following its predetermined procedures, for the reasons stated in defendant's January 6, 2012 Memorandum of Law, this claim also fails as a matter of law because plaintiff had an adequate post-deprivation remedy. (Def. Jan. 6, 2012 Memo. in Support at Pt. I.C).

- 7 -

The Second Circuit Court of Appeals reached such a result in <u>Locurto v. Safir</u>, where in determining that a neutral adjudicator was not a necessary component of due process at a pre-termination hearing, the Court held that the plaintiff had received adequate process in his right to employment, where an Article 78 proceeding was available to him to "submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims" and to furthermore "raise claims that the agency adjudicator was biased and prejudged the outcome" of the proceedings. 264 F.3d 154, 176-175 (2d Cir. 2001).

The court noted that the <u>Locurto</u> plaintiff "point[ed] to no persuasive authority that states an administrative hearing with a neutral adjudicator rather than judicial review under Article 78 is needed to satisfy due process. *No reason exists to depart from the general presumption that a judicial trial represents the epitome of full process.*" (264 F.3d at 175) (emphasis added). Citing to <u>Campo v. New York City Employee's Retirement System</u>, 843 F.2d 96, 100-01, 103 (2d Cir. 1988), the court noted that "<u>Parratt</u> [v. Taylor, 451 U.S. 527 (1981)] teaches that a state may provide procedural due process in either an administrative or a judicial setting." 264 F.3d at 175.

The court additionally highlighted the applicability of their rationale in <u>Locurto</u> to constitutional due process challenges to predetermined procedures, citing to <u>Interboro Inst., Inc. v. Foley</u>, 985 F.2d 90, 93-94 (2d Cir. 1993) (holding that Article 78 petition presented sufficient post-deprivation process to challenge auditor's decision to disallow payments to junior college based on predetermined criteria) and <u>Oberlander v. Perales</u>, 740 F.2d 116, 120 (2d Cir. 1984) (holding that Article 78 petition presented sufficient process to challenge medicaid reimbursement rates set by panel according to predetermined protocol). 264 F.3d at 175.

Citing to its decision in <u>Locurto</u>, the Second Circuit Court of Appeals similarly held in <u>Sidone v. Kelly</u>, 254 Fed. Appx. 58, 59 (2d Cir. 2007)—where the plaintiff-appellant claimed that his employer's (a government agency) process of conducting disciplinary hearings violated due process because it failed to provide for a neutral arbiter, and instead allowed for hearings conducted by biased arbiters—that because plaintiff was able to challenge his employment termination in an Article 78 proceeding, he could not state a due process claim. (internal citations omitted); <u>see also</u> <u>De Jesus v. City of New York</u>, 10 Civ. 9400 (GBD), 2012 U.S. Dist. LEXIS 23090, at *14-16 (S.D.N.Y. Feb. 21, 2012) ("Plaintiff's applications for [...] benefits were reviewed and denied by the relevant administrative boards on three separate occasions. Plaintiff chose not to avail herself of Article 78 review of those determinations [...] Plaintiff had every opportunity to be heard on her retirement benefits claims in a New York State Court Article 78 proceeding. Plaintiff's due process rights have not been violated, and her claim therefore fails as a matter of law.")

Here, plaintiff does not dispute that he had the availability to challenge the CCHR decision through an Article 78 proceeding. That he chose not to pursue this remedy "does not mean that he suffered any due process deprivation." <u>Sindone</u>, 254 Fed. Appx. at 59. Accordingly, plaintiff's due process claim must fail, and the complaint must be dismissed.[2]

---

[2] Plaintiff cites to <u>Reyes v. Erickson</u>, 238 F. Supp. 2d 632 (S.D.N.Y. 2003) in opposition to defendant's argument that an Article 78 proceeding provided plaintiff with an opportunity to be heard and satisfied due process. <u>Reyes</u>, however, is not controlling on this argument. <u>Reyes</u> discussed the circumstances under which a plaintiff must seek relief of an agency determination through an Article 78 proceeding in the context of exhaustion of administrative remedies. <u>Reyes</u>, unlike the Second Circuit's decision in <u>Locurto</u>, did not discuss the adequacy of an Article 78 proceeding to satisfy due process and whether—as <u>Locurto</u> held—such proceeding provided a sufficient opportunity to be heard.

## CONCLUSION

For the foregoing reasons, and those discussed in defendants' moving papers, defendants respectfully request that the Court grant their motion to dismiss the complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 2, 2012

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants City of New York, New York City Commission on Human Rights, Patricia Gatling, and Carlos Velez*
                              100 Church Street, Room 20-85
                              New York, New York 10007
                              (212) 788-9790

By: _____
      Amy N. Okereke
      Assistant Corporation Counsel

To: Ismail S. Sekendiz, Esq. (via E.C.F. and first class mail)
*Attorney for Plaintiff Mirceau Rosu*
30 Broad Street, 35th Floor
New York, New York 10004